## *In re* PETITION OF T. H. HOBRON FOR WRIT OF PROHIBITION.

### BEFORE JUDD, C.J.

### JULY, 1883.

District and Police Justices have jurisdiction of actions to recover summary possession of land only where relation of landlord and tenant exists between the parties.

It appearing that the Police Magistrate had jurisdiction, the Court here declines to enquire whether he decided correctly on the evidence: and orders the writ of prohibition dissolved.

### DECISION OF JUDD, C.J.

There was presented to the Judges of the Supreme Court during the present term, a petition by T. H. Hobron, of Wailuku, Island of Maui, setting forth that on the 20th of May, 1882, an action of ejectment for the recovery of certain premises situated in Kahului, was commenced against him in the Police Court of Wailuku, by John Boardman; that on the 25th May, judgment was rendered in favor of said Boardman, and that there has

issued or is about to issue from the said Police Court, in pursuance of said judgment, a writ of possession to put the said John Boardman or his representatives in possession of said premises; that the said Police Court was not competent to try such action, and has exceeded its jurisdiction in the trial and hearing thereof; wherefore the petitioner prays that a writ of prohibition may issue from this Court directed to the Judge of the Police Court of Wailuku, and to John Boardman, his agents, attorneys and representatives, and all persons acting in his or their behalf and to the officers charged with the execution of said writ of possession, commanding them to desist and refrain from any further proceedings in the aforesaid action or in the execution of said writ of possession.

The writ was issued and made returnable before the Supreme Court on Saturday, the 28th July.

The Police Justice made no answer. George E. Boardman, on behalf of himself and G. W. Willfong, executors of the will of John Boardman, deceased, answered, in substance, as follows: That in the year 1879, T. H. Hobron (the applicant) took possession of the premises described in the summons from the Police Court; that in September, 1881, he paid John Boardman $40 as rent for the premises; that on the 16th March, 1882, notice to quit said premises was served upon Hobron, and thereupon summary proceedings to recover possession of the premises were commenced in the Police Court of Wailuku, and judgment was rendered in favor of the plaintiff. That these proceedings were lawfully commenced and prosecuted, and were in no sense an action of ejectment, except so far as summary proceedings prescribed by the statute shall be so considered; that said Police Court had and now has full power, jurisdiction and authority to try such cases and to enforce the same; wherefore the respondent prays that the writ of prohibition be dissolved.

Jurisdiction is conferred upon District and Police Courts, by §940 of the Civil Code, to entertain actions to recover possession of land in certain cases, as fully set forth in the statute.

The summary proceedings are confined to cases where the relation of landlord and tenant exists between the parties.

See *Kaaihue vs. Crabbe*, 3 Hawn., 768, and *Coney vs. Manele*, 4 Hawn., 154.

From the testimony taken in this Court, it is clear that the Police Justice, in the case which has given rise to this proceeding, had jurisdiction.

It was an action under the statute by John Boardman to recover possession of the premises of T. H. Hobron, who was a tenant by parol after notice to quit.

The summons issued does indeed read as an ordinary complaint in ejectment to try the title of land, of which only the Supreme and Circuit Courts have jurisdiction. But it being established that the Police Court has jurisdiction, this Court cannot now enquire into the question as to whether the magistrate decided correctly upon the evidence before him. If errors existed, they should be corrected some other way, as by appeal, etc.

The statute defining the nature and to regulate the issuing of writs of prohibition, Chap. 39, Acts of 1876, prescribes, that the writ may issue on the ground that the cognizance of the said cause does not belong to the inferior Court, or that it is not competent to decide it, and on the answer if the Court shall be of the opinion that the applicant has made out his case, the prohibition shall be made perpetual, otherwise it shall allow the inferior judge to proceed to the trial and judgment of the case, and if the inferior judge has rendered judgment, and execution has been issued, the writ may be applied to prevent the execution.

Having found that the inferior Court had cognizance of the suit complained of, the writ of prohibition is dissolved.

*Smith & Thurston*, for applicant.

*W. R. Castle*, for respondent.

Honolulu, July 28th, 1883.