WAILUKU SUGAR CO. *vs.* S. E. KAIUE, CLAUS SPRECKELS, and Twenty-one Others.

CLAUS SPRECKELS *et al. vs.* WAILUKU SUGAR CO. and W. H. HALSTEAD.

PROHIBITION.

HEARING, NOVEMBER 22, 1892.     DECISION, DECEMBER 3, 1892.

JUDD, C.J., BICKERTON AND DOLE, JJ.

A Commissioner of Water Rights being disqualified from interest in a given case, a Special Commissioner was appointed in pursuance of the statute. The acceptance of the appointment by the Special Commissioner gave him complete jurisdiction over the case, and the regular Commissioner could not resume jurisdiction of the case on the removal of his disqualification.

The Special Commissioner entertained and granted a motion for a continuance, while outside of the District for which the controversy arose. Neither party appearing before him on the day to which the hearing was continued, it is not necessary to pass upon the validity of his act.

An agreement between counsel alone to try a case on a stated day does not necessarily bind the Court to hear it on that day.

OPINION OF THE COURT, BY JUDD, C.J.

These two cases were heard together. The essential facts are as follows:

On the 24th August, 1892, one S. E. Kaiue, the Commissioner of Private Ways and Water Rights for the District of Wailuku, Island of Maui, issued a summons to the Wailuku Sugar Com-

pany to appear before him on the 14th September to show cause why judgment should not be rendered upon the complaint of Claus Spreckels and some twenty others, they claiming certain obstructions and diversions by defendant to the water rights of complainants.

On the 25th August notice was served upon complainants' counsel that the Wailuku Sugar Company objected to the case being heard by Mr. Kaiue for the reason that he was interested, his wife holding an interest in land affected by the water in question. This notice also contained the statement that the Wailuku Sugar Company would be unable to go to trial until the presence of Mr. W. H. Bailey of California could be obtained, he being a material witness. The case was then postponed by written agreement of counsel to the 21st, and further to the 28th September. Meanwhile, counsel for complainants admitting Mr. Kaiue's disqualification, a commission was procured from the Minister of the Interior, under Section 2 of the Act of 1888 respecting private ways and water rights, to W. H. Halstead as "Commissioner pro tem. of Private Ways and Water Rights for the District of Wailuku, Island of Maui, to act in place of S. E. Kaiue in the hearing of a certain case of Claus Spreckels and others against the Wailuku Sugar Company, in which matter the said S. E. Kaiue is not qualified to act as Commissioner, he being personally interested," etc. The commission was issued 24th September. Mr. Halstead was then in Honolulu, Island of Oahu. On the 27th September, counsel for the Wailuku Sugar Company, having given notice of such intention to counsel for Spreckels et al., moved the Special Commissioner Halstead, then in Honolulu, to grant a further continuance of the case for not less than two weeks, owing to the absence of Mr. W. H. Bailey, who, as appeared by the affidavit of Mr. W. O. Smith, was expected to arrive on the steamer Australia of October 5th. Counsel for Spreckels et al. objected strenuously to the entertaining of this motion by Commissioner Halstead while in Honolulu, claiming that he had no jurisdiction to hear any proceeding in the case outside of the district of Wailuku, Maui, for which he was appointed, and also that the

day of hearing set by stipulation had not arrived.    After hearing counsel on both sides, Mr. Halstead granted the continuance to the 12th October.    Counsel for Spreckels then notified Mr. Halstead in writing that they would be at Wailuku on the 28th of September, the day previously agreed upon, and would be prepared to and would insist upon proceeding with the case. Mr. Halstead did not go to Wailuku, nor did counsel for Wailuku Sugar Company.    Counsel for Spreckels *et al.*, however, did proceed to Wailuku, and on the day of their arrival, the 28th September, Mr. Kaiue and his wife executed a deed of their land in Wailuku to one Kookoo, and considering that his disqualification was thereby removed, Mr. Kaiue proceeded on that day, and for several days thereafter, to take the evidence of witnesses for the complainants, and further continued the case to the 2d of November.

On the 11th of October the Wailuku Sugar Company petitioned this Court for a writ of prohibition against Claus Spreckels *et al.* and Mr. Kaiue to prevent them from proceeding further with the case.    At the same time Claus Spreckels *et al.* filed a similar petition to prevent Mr. Halstead and the Wailuku Sugar Company from proceeding further with the case. Both writs were made returnable before the Full Court.

## BY THE COURT.

The crucial question in this case is, which Commissioner had jurisdiction of this controversy on the 28th of September?    We are of opinion that it was Mr. Halstead, the Commissioner pro tem., and not Mr. Kaiue, the regular Commissioner.

The statutory provision for the appointment of a special commissioner to hear a certain named controversy respecting water rights, in case of the disability of the Commissioner, having been complied with, and Mr. Halstead having accepted the appointment as such Special Commissioner, the case was fully and completely transferred to him, and he was clothed with all the powers conferred by the statute upon a commissioner.    We consider that his appointment to hear this special case gave him jurisdiction over it from the moment he accepted the ap-

pointment.. The question which of two tribunals of concurrent jurisdiction has obtained authority over a case does not arise here. The appointment of Mr. Halstead removed the case from Mr. Kaiue as completely as a change of venue, or any other method of removal of a case from one court to another. This leads to the result that Mr. Kaiue's attempted resumption of jurisdiction of the case on the 28th was illegal, and the proceedings thereupon had by him were void. If it be admitted that the conveyance of his wife's land to another person removed his disability, it could have no effect in destroying the jurisdiction of Mr. Halstead, which was complete over this case. But we do not deem it necessary to hold in this case that a disability of this character, once existing, may not be thereafter removed and the tribunal become qualified. In the matter before us it is of no consequence that Mr. Kaiue has seen fit to sell his land. His authority over the controversy was gone by the appointment of Mr. Halstead.

We therefore find sufficient cause shown why Mr. Kaiue, as Commissioner for Private Ways and Water Rights for Wailuku, should not proceed further with the case in question, and an order may issue forbidding him from taking cognizance of the case and forbidding Claus Spreckels and others to prosecute it further before him.

We do not regard as serious the objection made that Mr. Halstead is now incompetent to hear the case because he entertained a motion for and granted a continuance of the case while in Honolulu. If this was a mistake on his part it certainly does not disqualify him from proceeding further in the case. If Mr. Halstead could not, without inconvenience to himself, be present at Wailuku on the 28th of September, the date agreed upon by counsel, and presumably with the consent of Mr. Kaiue, after his disqualification was mooted, or because he thought the Wailuku Sugar Company should not be forced to trial until their witness had come, it was not improper for him to make other arrangements and fix another time for the hearing of the case. It was his duty not to subject counsel to the expense and trouble of a trip to Wailuku when he would not be there to hear them.

He was no party to the agreement fixing the hearing on the 28th of September. Counsel cannot bind the court to hear their cases by agreements *inter sese* without consulting the court's convenience. Generally the counsel's convenience is the court's convenience, but a court cannot be forced to hear a case at a stated time merely because counsel have agreed that it shall be then heard. We do not go to the extent of saying that a commissioner has jurisdiction of a case without the district for which he was appointed, when we say that we treat Mr. Halstead's action as an intimation to counsel that they need not be present at Wailuku on the 28th, and that no proceedings in the case would be had that day.

It would be necessary for us to decide the validity of Mr. Halstead's act in postponing the case if counsel for the Wailuku Sugar Company had appeard before him on the 12th of October, and had insisted on proceeding with the case, and the commissioner had proceeded with it against the objection of the other side. But as both the 28th of September and the 12th of October have now passed, the question has no importance, and Mr. Halstead will be free to make a new appointment of a day of hearing.

We are therefore of the opinion that the writ applied for by Claus Spreckels *et al.* should be dismissed, and we allow Mr. Halstead to proceed to the trial and judgment of the case in question.

*W. O. Smith, Thurston & Frear*, for the Wailuku Sugar Company.

*F. M. Hatch, P. Neumann & C. W. Ashford*, for Claus Spreckels *et al.*