# IN THE MATTER OF THE APPLICATION OF M. F. SCOTT AND NETTIE L. SCOTT FOR A WRIT OF PROHIBITION AGAINST HONORABLE T. B. STUART, CIRCUIT JUDGE, FIRST JUDICIAL CIRCUIT, TERRITORY OF HAWAII, AND JOSEPH LIGHTFOOT, ESQ., MASTER IN CHANCERY.

PETITION FOR WRIT OF PROHIBITION.

ARGUED FEBRUARY 17, 1915.                    DECIDED FEBRUARY 25, 1915.

ROBERTSON, C.J., WATSON AND QUARLES, JJ.

EQUITY—*jurisdiction—master in chancery.*
> It is the usage and practice of courts of equity to refer causes to a master in chancery with directions to hear evidence, and to report findings of fact, and such other matters pertinent to the cause of which the court should be advised, and the power to do so has not been abrogated by section 1648, R. L., but is recognized by section 1834, R. L.

PROHIBITION—*want of jurisdiction.*
> .The writ of prohibition will not lie to prevent a master in chancery from proceeding under a reference made in an equity suit, the circuit judge sitting at chambers in equity having jurisdiction to order the reference, as it is only in case of want of jurisdiction that this writ will lie.

OPINION OF THE COURT BY QUARLES, J.

The petitioners, M. F. Scott and Nettie L. Scott, filed their petition, in this court, praying that a temporary writ of prohibition issue prohibiting the respondent Lightfoot from proceeding as master in chancery under orders made at chambers by the respondent Stuart, as third judge of the first judicial circuit, in a partition suit wherein the petitioners are the plaintiffs, and more than one hundred persons are defendants, on the ground that the appointment of such master was made without jurisdiction; and, praying that on final hearing the writ

be made perpetual. The order prescribing the duties of the master is as follows:

"This cause coming on for final disposition this 28th day of January,. 1915, M. F. Scott, one of the plaintiffs, appearing in person, and W. A. Greenwell, Esq., of the Firm of Castle and Withington, solicitors appearing for J. B. Castle .and certain other defendants, and Eugene K. Aiu, Esq., appearing for E. N. Pilipo, a defendant, the court being advised from the pleadings and files in this .cause that this cause was begun by bill of complaint. filed September 3, 1897; that during the seventeen years which have elapsed since the filing of the bill various proceedings have been had herein, among which have been the filing of reports of commissioners, motions by parties to the cause and their solicitors, and partial decrees and interlocutory orders by the court, the result of which is nothing but a maze of uncertainty, not only as to the effect thereof, but as to the present status of the cause, and it further appearing to the court that it is doubtful if all of the original 142 parties defendant named in the bill or their grantees owners of the lands sought to be partitioned in North Kona on the Island of Hawaii, known as Holualoa 1, and 2, 7330 acres in extent, the Hui Aina O Holualoa divided into some 350 shares or undivided interests, are now within the jurisdiction of the Court, some of them never having been served by process or having submitted themselves voluntarily to the jurisdiction of the Court and no substituted service by publication having been made, and it further appearing that claimants of interests in said lands are in possession and occupation thereof and others are not, and that certain persons not parties to the cause have been collecting rents in large amounts by virtue of certain claims of the ownership of interest in the said lands, and it further appearing that the parties this day before the court are not ready to proceed and no suggestion being made by them as to what steps remain to enable the court to .make final disposition of this cause, the court deeming this cause, because of its intricacies, one which should receive a thorough investigation by a Master in Chancery, and a report thereon from such Master, the Court hereby appoints A. F. Judd, an Attorney at Law of this Bar, as Master in Chancery herein, and orders him to fully investigate and report upon the record herein; to take such further evidence

as any parties may see proper to introduce and ascertain and report if all owners of said land have been made parties hereto, and if all persons claiming an interest therein and receiving lands therefrom as such claimants have been made parties, and to take all evidence that may be offered by any of the parties in reference to the matters embraced in said cause, and report said findings and his conclusions of law and of fact in reference to the same, and do and perform all things that might be done and performed by final decree as said Master may recommend to be entered.

"The Court doth empower said Master in Chancery to exercise all powers that are usually exercised by Masters in Chancery, fixing the date or dates of hearings, and notifying the parties to be present and enter upon hearings and make note of any failure to obey his directions or orders in the premises, and report the same to the Court; that the said Master in Chancery shall proceed as speedily as possible in the said matters and shall file the report of his doings as aforesaid within sixty days from this date or give sufficient excuse for not so doing.

"That before entering upon the duties herein placed on said Master in Chancery, he shall file the customary oath with the Clerk of this Court to well and truly perform his duties according to law under the orders herein given and powers herein conferred upon him and those appertaining generally to such an appointment.

"(Sgd.) T. B. Stuart

"Third Judge, Circuit Court of the First Judicial Circuit, Territroy of Hawaii."

Mr. Judd declined the appointment, and the respondent Lightfoot was appointed master in his place and stead to act as in said order prescribed. The temporary writ issued to which the respondents have made return. No material fact is in issue, the material facts being substantially as recited in the order above quoted. At the hearing the petitioners contended that there is no authority, statutory or otherwise, in this jurisdiction, authorizing the reference of the said partition suit to a master; and, that the provisions of Sec. 1648, R. L., wherein jurisdiction is conferred to "hear and determine all matters in

equity," withhold from the circuit judge, sitting in equity, the power to appoint masters in chancery. The following authorities are cited by petitioners as sustaining their contention: *Hobart* v. *Hobart,* 45 Iowa 501; *Kimberly* v. *Arms,* 129 U. S. 524; *Commonwealth* v. *Archbald,* 195 Pa. St. 318; and Beach on Modern Equity Practice, Sec. 673.

In our opinion the authorities cited do not support the contention of the petitioners. *Hobart* v. *Hobart,* 45 Iowa 501, was a divorce case; Iowa had a statute prohibiting the granting of divorces except upon hearing in open court; it was held error to appoint a referee to take evidence and report the facts. In *Kimberly* v. *Arms,* 129 U. S. 512, a special master was appointed by consent of the parties to hear and determine all issues in the case, both of law and fact. The court refused to confirm the report of the special master, ignored it, heard the evidence and decided the case. On appeal the Supreme Court reversed the judgment upon the ground that the report of the special master should have been confirmed. In *Commonwealth* v. *Archbald,* 195 Pa. St. 318, a bill for accounting and final settlement was filed, and a decree for accounting entered, whereupon the matter was referred to a master to state the account between the parties; petitioners, after an account had been stated, sought, by mandamus, to compel the court below to hear the evidence and state the account, relying upon a rule of court, theretofore adopted, discounting the office of master in chancery, except in certain cases; the petition for the writ was dismissed and the writ denied, the court saying, *inter alia:* "But the office of master though 'discontinued' with reference to its general use in the then existing practice was not abolished. It is a necessary part of the equipment of a court of chancery, extending back at least to the time of Edward the third." Section 673, Beach, Mod. Eq. Prac., cited, merely points out rules announced in the decision in *Kimberly* v. *Arms,* supra. In the preceding section (672) Mr. Beach says: "When the question arises on a bill for partition as to the undivided rights and inter-

ests of the parties, the usual course is to direct a reference to a master to enquire and report."

The last clause in section 1834, R. L., relating to the jurisdiction of circuit judges at chambers, provides: "And shall have full equity jurisdiction according to the usage and practice of courts of equity in all other cases where there is not a plain, adequate and complete remedy at law." It has been the *"usage* and *practice* of courts of equity," from time immemorial, to call to their aid the service of a master to hear evidence and report to the court for its information findings of fact, and the status of a cause wherein the parties are numerous and the pleadings are prolix, and our statutes have not sought to take this power from courts of equity; but, on the other hand to recognize the power in such courts to follow the usual equity practice. "The most frequent purpose of a reference is to take testimony, and report to the court for its information with reference to some fact or groups of facts incidental to the main questions involved, but essential to be determined in order to frame a final decree. Besides the taking of accounts, the assessment of damages, and the determination of titles, many other matters not susceptible of ready classification or even enumeration may be conveniently determined in this way." (16 Cyc. 436.) "The duties of masters are various, and difficult to be specified; for there is no question of law or equity or disputed fact or facts which a master may not have occasion to decide upon, or respecting which he may not be called upon to report his opinion to the court. And it would be tedious to specify every head of reference to a master, because they are almost as numerous as the matters subject to the jurisdiction of the court itself." (17 Enc. Plead. & Prac. 984.) "In an action which is equitable in its nature the court may refer all the issues of fact to the master without the consent of the parties, and it need not refer the cause only to take testimony and report the same to the court." (17 Enc. Plead. & Prac. 986.)

The power of a circuit judge at chambers, sitting as a chan-

cellor in an equity case, to refer a partition suit, under the circumstances stated in the order in question, is one resting in his discretion. Jurisdiction to make the said order exists; if the order be erroneous, a question that we do not decide, prohibition is not a proper remedy and lies only when jurisdiction does not exist. The circumstances cited in the order show, if not a necessity for making the reference, at least good reason for making it. In arguing the question it was admitted on behalf of the petitioners that there are nearly one hundred and fifty pleadings in the case, and numerous interlocutory decrees and orders, some of which have been annulled, others executed, and that it would take a stranger to the record not less than two weeks to familiarize himself with the present status of the partition suit. The language of the order setting forth the duties to be performed by the master is very broad, but on the whole it is apparent that its object is to relieve the court, and have the labor of ascertaining what defendants are now before the court; what defendants should be brought before it; of ascertaining the various interests of the respective parties, performed by the master, and to have him report such final decree as he may recommend to be entered, such decree to be made by the circuit judge, and not by the master. If the language in the order "and do and perform all things that might be done and performed by the court itself in the trial of said cause," be regarded as relating to the procedure to be had before the master, such as swearing witnesses, compelling their attendance, hearing their evidence, and reporting proposed findings of fact and conclusions of law, and the manual preparation of such decree as the master deems shall be proper in the cause, for the consideration of the circuit judge, to be adopted or rejected by him, there is no delegation of jurisdiction by the circuit judge to the master. However, we do not construe the language of the order, but do hold that the respondent, Stuart, as circuit judge, had jurisdiction to make the order, and that this is not a proper case, under Sec. 2083, R. L., for the writ of prohibition.

Scott v. Stuart, 22 Haw. 459.

Let judgment be entered discharging the temporary writ of prohibition which heretofore issued in this proceeding, dismissing this proceeding, and awarding to the respondents their costs herein incurred.

*M. F. Scott* for petitioners.

*J. Lightfoot* for respondents.