SUE TANAKA AND M. HAMASAKI *v.* C. C. CON-
RADT, DISTRICT MAGISTRATE OF WAILUKU,
COUNTY OF MAUI, TERRITORY OF HAWAII,
AND J. V. MACIEL.

No. 1597.

ORIGINAL.

ARGUED JANUARY 5, 1925.                    DECIDED JANUARY 9, 1925.

PETERS, C. J., PERRY AND LINDSAY, JJ.

LANDLORD AND TENANT—*summary possession—tender of interest.*
   Under section 2762, R. L. 1915, payment or tender of interest
on the amount of the rent due is unnecessary.

SAME—*same—stay of warrant of removal—tender of rent and costs.*
   Tender by the tenant to the landlord, after judgment for resti-
tution of the property but before issuance of a warrant of re-
moval, of the rent due and all the costs and charges of the
proceedings, stays issuance of the warrant in a statutory action
for summary possession and renders the judgment inoperative
and unenforceable.

OPINION OF THE COURT BY PERRY, J.
(Peters, C. J., concurring.)

In a statutory action for the summary possession of
land held by a tenant, the landlord, one of the present
respondents, secured after trial from the district magis-
trate, the other respondent in this proceeding, a judgment
granting his prayer for the restitution of the demised
property. The sole ground of the action for summary
possession was the failure of the tenant to pay rent that
was due and payable. Before judgment the tenant ten-
dered to the lessor in court the full amount of the rent
due; and after the rendition of the judgment but before
issuance of a warrant of removal the tenant tendered to
the lessor the full amount of the rent due together with

the costs and charges of the judicial proceedings. Both
tenders were refused by the lessor. The plaintiff in the
action asked the magistrate to issue a warrant for the
removal of the tenant from the demised premises. The
tenant objected on the ground that tender had been
made of the rent due and of the costs and charges of the
proceedings. After argument the magistrate decided that
he would issue a warrant of removal but at the request
of the tenant and with the acquiescence of the landlord
delayed the actual issuance of the warrant for a sufficient
length of time to permit the tenant to institute in this
court proceedings to determine the power of the magis-
trate to issue a warrant of removal under the circum-
stances recited. Upon application by the tenant a tem-
porary writ was issued out of this court prohibiting the
magistrate from issuing a warrant of removal and from
otherwise proceeding in the cause.

In the argument before this court counsel for the land-
lord stated that he wished to make no point of insuf-
ficiency of the tenders made by the tenant other than
that the tenders did not include any interest upon the
amount of the rent due.

The relevant provisions of our statute are as follows:
"Whenever a warrant shall be issued as aforesaid for
the removal of any tenant, the contract for the use of
the premises, if any such exists, and the relation of land-
lord and tenant between the parties, shall be deemed to
be canceled and annulled" (R. L. 1915, Sec. 2761).
"The issuing of such warrant of removal shall be stayed
in the case of a proceeding for the nonpayment of rent,
if the person owing such rent, shall, before such war-
rant is actually issued, pay the rent due, and all the costs
and charges of the proceedings; or give such security
for the payment thereof, within five days, as shall be
satisfactory to the magistrate or to the plaintiff" (*Ib.,*

Sec. 2762). The language of the statute, as to what is required to be done by the tenant in order to stay the issuance of the warrant of removal, is entirely clear and unambiguous. It is that the tenant shall "pay the rent due, and all the costs and charges of the proceedings." The enumeration of these things that are required to be done excludes all others. It would have been just as simple and practicable for the legislature to provide that interest on the rent should be paid as it was to provide that the costs and charges of the proceedings should be paid. To hold that interest is also required to be paid would be to add an item to the list of those prescribed by the legislature.

The only other contention advanced by the respondents is that section 2762 has no application in a case, such as that at bar, in which the judgment of restitution of the property to the landlord is not appealed from. There is, however, no such limitation in the language of the statute. The provision is that the lease and the relation of landlord and tenant are to be deemed to be canceled and annulled whenever the warrant of removal is issued and, inferentially, not until then. Whatever may be true of judgments in other proceedings, those in actions for summary possession do not of themselves, without a warrant of removal, have the legal effect of canceling and annulling the lease or the relation of landlord and tenant. The language of section 2762 is unqualified, that the issuing of the warrant shall be stayed if the defaulting tenant shall, before its actual issuance, pay the rent due and all the costs and charges of the proceedings. There is no difficulty in understanding the intent of the legislature. The purpose, undoubtedly, was to afford a measure of protection to defaulting tenants against what might be deemed to be undue harshness on the part of landlords in collecting the rents. With

the wisdom of the provision, of course, we are not concerned.

In *Paris* v. *Vasconcellos,* 14 Haw. 590, 592, this court took the same view of the meaning and operation of section 2762. In that case, as in this, there was a breach of the covenant to pay rent and a tender into court by the defaulting tenant of the amount of the rent due. The court, quoting the same statutory provision now under consideration, said: "The breach of the covenant to pay rent was cured by the tender made in court. Even if the tender had not been made until after judgment, the writ of possession could not be legally issued."

The writ of prohibition is made perpetual.

*E. R. Bevins* for petitioners.

*E. Vincent* for respondents.

### CONCURRING OPINION OF PETERS, C. J.

Were this a matter of first impression I should be inclined to doubt the interpretation placed by this court in the case of *Paris* v. *Vasconcellos,* 14 Haw. 590, upon the provisions of section 2762, R. L. 1915, as to the effect of a person owing the rent, before the actual issuance of the writ of possession, paying the rent due and all the costs and charges of the proceedings, but numerous legislatures have convened since February, 1903, when that case was decided, and in the absence of adverse legislation the ruling may be considered as having been acquiesced in and become a rule of property, from which nothing short of a conviction of error should induce me to depart. I therefore concur in the conclusion that the writ should be made perpetual.