RICHARD RUSSELL PETERSON *v.* FRANK A. McKINLEY, AS JUDGE OF THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT, STATE OF HAWAII, AND JOYCE ALICE PETERSON.

No. 4235.

April 7, 1961.

Tsukiyama, C. J., Cassidy, Wirtz, Lewis, JJ., and Circuit Judge Crockett Assigned by Reason of Vacancy.

*Per Curiam.* Petitioner, Richard Russell Peterson, the plaintiff in an annulment suit pending in the Circuit Court, First Circuit, before the Honorable Frank A. Mc-Kinley, seeks a writ of prohibition to prevent the presiding judge, a respondent in this court, "from in any manner taking cognizance" of the annulment suit.

Prior to filing of the present amended petition the Chief Justice made an order denying the issuance of a temporary writ on the grounds that the defendant in the annulment suit had not been joined, and the petitioner had not exhibited as a part of the petition the parts of the record relied upon. Thereafter the defendant in the annulment suit was joined as a respondent, and an amended petition was filed. Upon the filing of the amended petition a temporary writ issued and the matter was brought before the court by order to show cause why the writ should not be made permanent.

Petitioner relies upon R.L.H. 1955, § 213-3(b), as amended,[1] and upon a motion to disqualify filed in the

---

[1] R.L.H. 1955, § 213-3 (b), so designated upon the amendment of section 213 by Act 5, 1st Sp. S.L. 1959, reads in pertinent part as follows:

"Whenever a party to any suit, action or proceeding, whether at law, in equity, criminal or special proceeding, makes and files an affidavit that the judge before whom the action or proceeding is to be tried or heard has a personal bias or prejudice either against him or in favor of any opposite party to the suit, such judge shall be disqualified from proceeding therein. Every such affidavit shall state the facts and the reasons for the belief that bias or prejudice exists

circuit court in the annulment suit on February 17, 1961 "upon the ground that the court, to wit: Judge Frank A. McKinley has revealed and shown personal bias and prejudice against the Plaintiff from the inception of the trial in this case." Attached to the motion are three affidavits, *i.e.*, two made by petitioner and one made by his counsel.[2] According to the former, petitioner did not know Judge McKinley before the trial commenced. It is by reason of what ensued after the suit went to trial that petitioner seeks to unseat the trial judge. Allegedly, after plaintiff (the present petitioner) commenced testifying, the trial judge in a conference in chambers "stated in substance that the Petitioner had committed a crime" and advised opposing counsel that he would be granted time to file a cross-proceeding; the presiding judge contacted the Public Prosecutor and arranged for observers to sit in the courtroom during the proceedings; said judge "has examined and cross-examined the petitioner during the trial in a manner indicating that he intended to have petitioner prosecuted criminally;" and "the atmosphere of said Judge's courtroom has become that of a criminal prosecution by said Judge instead of a civil action for annulment."

It would appear that at the time of petitioner's marriage to the defendant in the annulment suit, a final (as distinguished from interlocutory) judgment divorcing petitioner from one Mary Jane Peterson had not issued.

---

and shall be filed before the trial or hearing of the action or proceeding, or good cause shall be shown for the failure to file it within such time. No party shall be entitled in any case to file more than one affidavit; and no affidavit shall be filed unless accompanied by a certificate of counsel of record that the affidavit is made in good faith."

2 Concerning the affidavit of counsel, it should be noted that under R.L.H. 1955, § 213-3 (b), the affidavit must be that of the party. Counsel's required function is the making of a certificate of good faith. See *Berger* v. *United States*, 255 U.S. 22, 34; *United States* v. *16000 Acres of Land*, 49 F. Supp. 645, 652; 48 C.J.S., *Judges*, § 94(d)(2), 1088.

The motion to disqualify states that it is "made and based upon the records and files herein; the statements made by the Honorable Frank A. McKinley in Chambers to counsel for Plaintiff and Counsel for Defendant (not of record); the proceedings herein and the testimony adduced." However, of the record in the circuit court we have before us only the motion to disqualify with attached affidavits and the order denying the motion to disqualify. Reliance here is upon the affidavits filed with the motion.

Disqualification on an affidavit under the statute cannot be based upon rulings or other matters in the record of the court proceedings. *Ex parte American Steel Barrel Co.*, 230 U.S. 35, 44, cited in *Berger* v. *United States*, 255 U.S. 22, 34; *Parker* v. *New England Oil Corp.*, 13 F. 2d 497 (D.C. Mass.); *In re Federal Facilities Realty Trust*, 140 F. Supp. 522; *United States* v. *16000 Acres of Land*, 49 F. Supp. 645. And even if a transcript and other portions of the record had been supplied, there would remain the fundamental difficulty that the proper method of obtaining review is by appeal. *Knapp* v. *Kinsey*, 232 F. 2d 458 (6th Cir.); *Whitaker* v. *McLean*, 118 F. 2d 596 (D.C. Cir.); *Crowe* v. *Di Manno*, 225 F. 2d 652, 659 (1st Cir.). An appeal does not lie until a final judgment has been entered. *Collier* v. *Picard*, 237 F. 2d 234 (6th Cir.).

Both the respondent judge and the respondent party have attacked the sufficiency of the petition for prohibition. Without further consideration of the sufficiency or the timeliness of the affidavits filed in the trial court (see R.L.H. 1955, § 213-3(b); *In re Bouslog*, 41 Haw. 270, 282) we proceed to consideration of the question whether prohibition lies.

In reality, the petition for writ of prohibition in this case was sought as a means of effecting an interlocutory appeal from the order denying the motion to disqualify. *Cf., McCaw and Keating* v. *Moore*, 39 Haw. 157; *Scott* v.

*Stuart,* 22 Haw. 459, 464; *Harh Hak Sae* v. *Lindsay,* 18 Haw. 666 (decision at chambers). Prohibition is not to be used as a substitute for appeal. *In re Hobron,* 6 Haw. 407. But as stated in *Victory Carriers* v. *Hawkins,* 44 Haw. 250, 254, 352 P. 2d 314, the rule that prohibition is not a substitute for appeal has exceptions. See *Oyama* v. *Stuart,* 22 Haw. 693.

In *Whittemore* v. *Farrington,* 41 Haw. 52, and *Scott* v. *Stuart,* 22 Haw. 641, this court entertained the petition for a writ of prohibition and reviewed the denial of the motion to disqualify. See 42 Am. Jur., *Prohibition,* § 27. However, the objections to the use of a writ of prohibition to review an order of a trial judge finding insufficient grounds of disqualification for bias and prejudice and refusing to disqualify himself are clearly stated in *Albert* v. *United States District Court for Western District of Michigan,* 283 F. 2d 61 (6th Cir.); see also *Hurd* v. *Letts,* 152 F. 2d 121 (D.C. Cir.); but see *Gladstein* v. *McLaughlin,* 230 F. 2d 762 (9th Cir.). We are satisfied that the writ does not lie as of right in such a case, the order ultimately being reviewable on appeal. Availability of the writ is a matter within the discretion of this court, which will not issue the writ unless there are "such 'special circumstances' as to make it a 'rare and exceptional case.' " *Minnesota & Ontario Paper Co.* v. *Molyneaux,* 70 F. 2d 545, 547 (8th Cir.); *cf., Korer* v. *Hoffman,* 212 F. 2d 211, 215 (7th Cir.). On the general question see *Andrews* v. *Whitney,* 21 Haw. 264, 269; 42 Am. Jur., *Prohibition,* § 7.

We accordingly have considered whether, in the exercise of a sound discretion, the rule should be laid down that prohibition is not an available remedy to oust a trial judge for bias or prejudice, if an appeal would lie ultimately though not immediately. Without considering this question in all its ramifications, we have concluded that when the basis of the claim of bias and prejudice con-

sists in facts occurring during the trial, involving the manner in which the judge is conducting the proceedings, the danger that the writ will be used for interlocutory review of adverse rulings in the proceeding itself is far too great to permit the extraordinary remedy. See *Minnesota & Ontario Paper Co.* v. *Molyneaux, supra.*

Cases such as *State ex rel McAllister* v. *Slate,* 278 Mo. 570, 214 S.W. 85, and *Leonard* v. *Willcox,* 101 Vt. 195, 142 Atl. 762, go to the extreme limit of prohibition, perhaps too far. Those were cases in which remarks and rulings of the trial judge in a prior proceeding (and in *Leonard* in the disqualification proceeding itself) were used to demonstrate bias and prejudice in support of a petition for prohibition. If remarks, rulings or actions of the trial judge in or in connection with the trial itself were permitted to be used in that manner, innumerable and intolerable interruptions of judicial proceedings could ensue from prohibition petitions. Accordingly, when the subject matter of the petition is the manner in which the judge is conducting the proceedings before him, and consists in matters occurring in court, or in remarks, rulings or actions of the trial judge which, while outside the courtroom, nevertheless are connected with the proceedings, prohibition will not lie. The subject matter, if properly reserved in the record, ultimately is one for appellate cognizance.

For the reasons stated, the circumstances presented by the present petition are such that prohibition is not an available remedy. The temporary writ is dissolved and the petition dismissed.

*John E. Parks* for petitioner.

*Lawrence H. Kam,* Deputy Attorney General (with *Shiro Kashiwa,* Attorney General) for respondent judge.

*Roy A. Vitousek, Jr.* (*Pratt, Moore, Bortz & Vitousek* of counsel) for respondent party.