PAUL SALVADOR *v.* MASATO DOI, A JUDGE OF THE
CIRCUIT COURT OF THE FIRST CIRCUIT, STATE
OF HAWAII, AND JOHN H. PETERS, THE
PROSECUTING ATTORNEY OF THE CITY AND
COUNTY OF HONOLULU, STATE OF HAWAII.

No. 4740.

FEBRUARY 26, 1968.

RICHARDSON, C.J., MIZUHA, MARUMOTO,
ABE AND LEVINSON, JJ.

*Per Curiam.* Paul Salvador, petitioner herein, was indicted
by the grand jury for committing burglary in the first degree. To
this indictment, he interposed a motion to dismiss on the ground
that it did not state an offense, which motion was denied by the
circuit judge presiding in the cause. Thereupon, he filed the
instant petition for writ of prohibition in this court.

Under R.L.H. 1955, § 236-10, prohibition is an extraordinary
writ which issues from "the supreme court, or from any justice
thereof, or a circuit judge, directed to the judge and the party
suing in any inferior court, forbidding them to proceed any
further in the cause, on the ground that the cognizance of such
cause does not belong to such court, or that the cause or some
collateral matter arising therein is beyond its jurisdiction, or that
it is not competent to decide it."

The cause as to which prohibition is sought herein is properly
before the circuit court. It is a felony, a matter within the original
jurisdiction of that court. It has been presented to the court by
a grand jury indictment as required by law. The person charged

is before the court. The judge assigned to the cause is not disqualified and is not otherwise incompetent to preside over the same.

The question posed in petitioner's motion to dismiss in the circuit court, namely, sufficiency of the indictment, is a matter which requires the decision of the circuit court in the first instance. If the decision of that court is wrong, the remedy lies in appeal, not in prohibition.

In this jurisdiction, prohibition is not a writ of right; nor is it a substitute for appeal, save in exceptional circumstances. *Peterson* v. *McKinley*, 45 Haw. 44, 361 P.2d 60 (1961).

Petitioner urges that the requisite exceptional circumstance exists in his case in that further proceedings in the circuit court will subject him to expense, embarrassment, notoriety and inconvenience of trial.

In *Fujimoto* v. *United States District Court of District of Hawaii*, 199 F.2d 27 (9th Cir. 1952), the court of appeals held that an allegation that the trial would be long and costly did not present an exceptional circumstance warranting the granting of the writ, on the authority of *Roche* v. *Evaporated Milk Association*, 319 U.S. 21 (1942), where the United States Supreme Court stated, at page 30:

"* * * Respondents stress the inconvenience of requiring them to undergo a trial in advance of an appellate determination of the challenge now made to the validity of the indictment. We may assume, as they allege, that the trial may be of several months' duration and may be correspondingly costly and inconvenient. But that inconvenience is one which we must take it Congress contemplated in providing that only final judgments should be reviewable. Where the appeal statutes establish the conditions of appellate review, an appellate court cannot rightly exercise its discretion to issue a writ whose only effect would be to avoid those conditions and thwart the Congressional policy against piecemeal appeals in criminal cases. * * *"

The writ denied in the *Roche* case was mandamus. But the reasoning there is equally applicable to prohibition.

The requested permanent writ is denied and the temporary writ previously issued is dissolved.

*Christopher Cobb* for petitioner.

*Morton King,* Deputy Attorney General *(Bert T. Kobayashi,* Attorney General, with him on the briefs), for respondent Judge Doi.

*John A. Radway, Jr.,* Deputy Prosecuting Attorney, City and County of Honolulu, for respondent Prosecuting Attorney Peters.