BARRY CHUNG, Prosecuting Attorney, City and County of Honolulu, State of Hawaii, Petitioner, *v.* THOMAS S. OGATA, Judge, Circuit Court, First Circuit, State of Hawaii, and PONTIANO RAPANAL, also known as David Pontiano Libres and David Libres Rapanal, and HENRY KANE, Respondents.

No. 5375

DECEMBER 19, 1972

RICHARDSON, C.J., MARUMOTO, ABE, LEVINSON AND KOBAYASHI, JJ.

OPINION OF THE COURT BY LEVINSON, J.

This case is here on a petition for a writ of prohibition filed by Barry Chung, prosecuting attorney of the City and County of Honolulu, pursuant to authority conferred under HRS §§ 659-16 and 659-17. Respondents are Judge Thomas S. Ogata, presiding judge of the Circuit Court of the First Judicial Circuit, and Pontiano Rapanal and Henry Kane, defendants under indictment for murder in the first degree now awaiting trial before Judge Ogata. Petitioner seeks a writ prohibiting respondents from enforcing an order entered by Judge Ogata on October 10, 1972 in connection with Rapanal's and Kane's criminal case.

Judge Ogata's order granted a motion filed by Rapanal, with whom Kane joined, for production of the transcript of the grand jury proceedings at which both men were indicted. The original ground relied upon in support of the motion was general pre-trial need. At the hearing on the motion, however, this ground was amended, at Judge Ogata's suggestion, to allegations under Rule 6 (e) of the Hawaii Rules of Criminal Procedure.[1] These allegations were two-fold: that the indictment under which Rapanal and Kane were charged may have been based upon perjured testimony; and that the grand jury may have been improperly influenced by the prosecution.[2]

The prosecution did not object to the amendment of the grounds relied upon by Rapanal and Kane in support of their motion. It did object, however, to the granting of the motion on those grounds. Though inartistically stated at the hearing, the prosecution's position was that

[1]H.R.Cr.P. Rule 6 (e) provides:

(e) *Secrecy of Proceedings and Disclosure.* Disclosure of matters occurring before the grand jury other than its deliberations and the vote of any juror may be made to the attorneys for the government for use in the performance of their duties. Otherwise a juror, attorney, interpreter or the reporter may disclose matters occurring before the grand jury only when so directed by the court preliminarily to or in connection with a judicial proceeding or when permitted by the court at the request of the defendant upon a showing that grounds may exist for a motion to dismiss the indictment because of matters occurring before the grand jury. No obligation of secrecy may be imposed upon any person except in accordance with this rule. The court may direct that an indictment shall be kept secret until the defendant is in custody or has given bail, and in that event the clerk shall seal the indictment and no person shall disclose the finding of the indictment except when necessary for the issuance and execution of a warrant or summons.

[2]Counsel for Rapanal argued that since the only witness testifying before the grand jury who had any personal knowledge of the alleged crime had a long criminal record, including a conviction for issuing a false complaint, had previously made a statement consistent with Rapanal's innocence, and had been given immunity from prosecution in another case in return for his testifying against Rapanal and Kane, there was a possibility that his testimony was perjured. Counsel also argued that the prosecution may have improperly influenced the grand jury by failing to disclose to it the witness' criminal record and prior exculpatory statement and by disclosing in its presentation the fact that the witness had been given prosecutorial immunity and thereby, in effect, by vouching for the veracity of his testimony.

the amended grounds were insufficient to justify production of the grand jury transcript because Rapanal and Kane had failed to show, under Rule 6 (e) , "that grounds may exist for a motion to dismiss the indictment because of matters occurring before the grand jury." H.R.Cr.P. Rule 6 (e) . In the absence of evidence and, or in the alternative, affidavits containing representations that such evidence exists, the prosecution's contention was that a mere allegation or argument of counsel that there are grounds for dismissal of the indictment does not constitute a showing of such grounds for purposes of the showing required under Rule 6 (e.) Since no evidence and no affidavits were presented at the hearing, the prosecution concluded that the motion to produce should be denied.

In considering the prosecuting attorney's petition, we must first determine whether this court may properly grant the relief sought. Only upon determining that a writ of prohibition may issue can we then proceed to resolve the substantive issues presented.[3] Under the view we take of this case and for the reasons which follow, however, we need not reach those issues; for, on these facts, we hold that a petition for a writ of prohibition does not lie.

The prosecution admitted during the course of its oral argument in this court, and we agree, that Judge Ogata had jurisdiction, in a strict legal sense, to order the production of the grand jury transcript, *see Salvador v. Doi*, 50 Haw. 249, 438 P.2d 392 (1968); that in granting Rapanal's and Kane's motion Judge Ogata committed, at most, a mere legal error rather than an act

[3]Petitioner argues, as he did at the hearing on the motion, that Rapanal and Kane failed to satisfy the showing requirement set forth in Rule 6 (e) of the Hawaii Rules of Criminal Procedure. Rapanal and Kane not only disagree with petitioner's interpretation of Rule 6 (e) but contend also that, as a matter of constitutional law, the grand jury transcript should be produced as of right. Finally, Judge Ogata, through his representative from the Attorney General's office, agrees with Rapanal and Kane only with respect to their view of Rule 6 (e) .

in excess of his jurisdiction, *cf. Andrews* v. *Whitney,* 21 Haw. 264 (1912) ; that Rapanal's and Kane's case was properly lodged in Judge Ogata's court, *cf. Wailuku Sugar Co.* v. *Kaiue,* 8 Haw. 537 (1892) ; and that Judge Ogata was competent to sit as the judge in the case, *cf. Peters* v. *Jamieson,* 48 Haw. 247, 397 P.2d 575 (1964). The only question, therefore, is whether a mere legal error, if error it be, committed by a judge of an inferior court of this state is a sufficient predicate on which to ground a writ of prohibition.

HRS §§ 659-16 and 659-17 set forth the circumstances in which a writ of prohibition may issue:

> §659-16 *Definition.* This is a mandate which issues in the name of the State from the supreme court, or from any justice thereof, or a circuit judge, directed to the judge and the party suing in any inferior court, forbidding them to proceed any further in the cause, on the ground that the cognizance of the cause does not belong to the court, or that the cause or some collateral matter arising therein is beyond its jurisdiction, or that it is not competent to decide it.

> §659-17 *Petition.* The defendant who applies for this writ shall apply by petition addressed to the justices of the supreme court, or to any single justice thereof, or to a circuit judge, stating the cause and nature of the action brought against him, and showing that the inferior court is not competent to try it, or that it has exceeded its jurisdiction in the trial or hearing of the action, which petition shall be verified by the oath of the applicant or by some person on his behalf cognizant of the facts.

Under a strict reading of these provisions it appears that a writ may not issue in this case. It is, however, a settled rule in this, as well as in most, jurisdictions that in an exceptional case a writ may issue to restrain a judge of an inferior court from exceeding his authorized

powers in circumstances similar to those which exist in this case, *e.g. Oyama* v. *Stuart,* 22 Haw. 693 (1915); *Proskin* v. *County Court of Albany County,* 30 N.Y.2d 15, 18, 280 N.E.2d 875, 330 N.Y.S.2d 44, 45 (1972). But, as we said in a related context, in such cases "[a]vailability of the writ is a matter within the discretion of this court, which will not issue the writ unless there are 'such "special circumstances" as to make it a "rare and exceptional case." ' " *Peterson* v. *McKinley,* 45 Haw. 44, 48, 361 P.2d 60, 62 (1961). *See generally* Goldberg, *"The Extraordinary Writs and the Review of Inferior Court Judgments,"* 36 Calif. L. Rev. 558, 572-76 (1948).

Petitioner argues, as he must, that this case presents special circumstances warranting issuance of the writ. Basically, his contention is that the writ should issue because there is otherwise no plain, speedy or adequate remedy at law available to him. Since this is a criminal case, he argues, the disputed order will never be reviewed by this court unless Rapanal and Kane are convicted and they appeal.[4]

The general rule with respect to the availability of alternative remedies is that a writ of prohibition will not issue where such a remedy is available, *Salvador* v. *Doi,* 50 Haw. at 250, 438 P.2d at 393; *In re Union Feed Company,* 21 Haw. 345, 350 (1912). But it does not necessarily follow that the writ will issue where there would not be any remedy unless prohibition is granted. The writ will not issue where there is another remedy, but the absence of such other remedy, even in a criminal case, is not of itself sufficient to justify prohibition, *see Peters* v. *Jamieson,* 48 Haw. at 258, 397 P.2d at 583.

The unavailability of another adequate remedy does not render a case involving an erroneous order subject to prohibition unless, in an exceptional case, petitioner

---

[4]In criminal cases, of course, rulings favorable to defendants that lead to acquittals may not be reviewed, except in certain circumstances not applicable here. HRS § 641-12 (1972 Supp.); Peters v. Jamieson, 48 Haw. 247, 256, 397 P.2d 575, 582 (1964).

shows that a delay in having the order reversed will be prejudicial,[5] or the error is clear and unambiguous.[6] In this case, Judge Ogata had jurisdiction over the parties, the cause and the subject matter of the motion. He was also authorized under Rule 6 (e) of the Hawaii Rules of Criminal Procedure to pass upon the sufficiency of the showing. There are, in addition, no facts in the record indicating that Judge Ogata's order was prejudicial to the prosecution, *cf. Peters* v. *Jamieson, supra; Oyama* v. *Stuart, supra,*[7] or made in disregard of established rules, *cf. Tanaka* v. *Conradt,* 28 Haw. 160 (1925).[8] Though we do not preclude the possibility that other facts may exist on which prohibition may be based, *e.g. Proskin* v. *County Court of Albany County, supra,* none are present here. Accordingly, we are unable to conclude that there are special circumstances in this case warranting prohibition.

The Legislature is vested with power to determine whether a ruling of an inferior court shall be reviewed. If it fails to provide for such review and this court, in its discretion, refuses, as we have in this case, to assume

---

[5]*Compare In re Scott,* 22 Haw. 459 (1915) and McCaw v. Moore, 39 Haw. 157 (1951) *with* Oyama v. Stuart, *supra.*

[6]*E.g.,* Tanaka v. Conradt, 28 Haw. 160 (1925).

[7]It is, at best, a tenuous argument that the prosecution, as a rule, is prejudiced by disclosure of grand jury transcripts. *See generally* Calkins, *"The Fading Myth of Grand Jury Secrecy,* 1 John Marshall J. of P. & P. 18 (1967). As stated in Dennis v. United States, 384 U.S. 855 (1966):

> In our adversary system for determining guilt or innocence, it is rarely justifiable for the prosecution to have exclusive access to a storehouse of relevant fact. 384 U.S. at 873.

In these circumstances, "the burden should properly be on the prosecution to defend the storehouse and not on the defendant to assault it." People v. Wimberly, 384 Mich. 62, 68, 179 N.W.2d 623, 626 (1970). In view of the historical trend toward liberalizing the requirements for defendants in obtaining grand jury transcripts, *e.g.* United States v. Youngblood, 379 F.2d 365 (2d Cir. 1967); Parlapiano v. District Court, 491 P.2d 965 (Colo. 1971); People v. Wimberly, *supra;* Cal. Penal Code § 938.1 and § 869 (West 1972); Nakell, *"Criminal Discovery for the Defense and the Prosecution—The Developing Constitutional Considerations,"* 50 N.C. L. Rev. 437, 438 (1972), we cannot assume, absent a single fact in the record indicating a contrary conclusion, that the prosecution will be prejudiced by Judge Ogata's order.

[8]There is, in this jurisdiction, no established rule with respect to the Rule 6 (e) showing requirement.

jurisdiction by granting extraordinary relief in the form of a writ of prohibition, the rights of the parties involved are finally settled by the ruling of the inferior court. The result may appear harsh, particularly in a criminal case where the prosecution seeks relief from a pre-trial order. But this does not present an unusual situation in criminal jurisprudence, *State* v. *Johnson,* 50 Haw. 525, 526-27, 445 P.2d 36, 38 (1968). The prosecution is certainly no more disadvantaged by an erroneous ruling before trial than during trial when such ruling leads to acquittal, *United States* v. *Rosenwasser,* 145 F.2d 1015, 1018 (9th Cir. 1944). In both instances, the policy "that denies the Government the right of appeal in criminal cases save as expressly authorized by statute," *DiBella* v. *United States,* 369 U.S. 121, 130 (1962), applies. If the prosecution is dissatisfied with this policy, or the result in any particular case where no other remedy is available, it should address itself to the Legislature, "whose proper function it is to consider these matters and act accordingly," *State* v. *Johnson,* 50 Haw. at 527, 445 P.2d at 38.

The petition is denied and the temporary writ previously issued by this court is dissolved.

*Richard D. Wurdeman,* Deputy Prosecuting Attorney (*Barry Chung,* Prosecuting Attorney of counsel) for Petitioner.

*Simeon R. Acoba, Jr.,* Deputy Attorney General (*George Pai,* Attorney General, of counsel) for Respondent Judge Ogata.

*David Bettencourt* (*Mattoch, Edmunds, Kemper & Brown* of counsel) for Respondent Kane.

*David Hobler,* Deputy Public Defender (*Charlotte Libman,* Deputy Public Defender, on the memorandum; *Donald K. Tsukiyama,* Public Defender, of counsel) for Respondent Rapanal.