TOGO NAKAGAWA, Acting Prosecuting Attorney, City and County of Honolulu, State of Hawaii, Petitioner, *v.* WALTER M. HEEN, Judge, Circuit Court First Circuit, State of Hawaii, and ROBERT APOLLO HOLBRON, Respondents

NO. 6590

AUGUST 30, 1977

RICHARDSON, C.J., KOBAYASHI, OGATA, MENOR and KIDWELL, JJ.

*Per Curiam.* This is an original petition for a writ of prohibition filed with the clerk of this court by the acting prosecutor, City and County of Honolulu, State of Hawaii, as

petitioner. By this petition the acting prosecutor has requested us to issue an order granting a temporary writ directed to respondent Walter M. Heen, Judge of the First Circuit Court, State of Hawaii, and respondent Robert Apollo Holbron, prohibiting the judge from taking any action to enforce the order granting disclosure of police records and/or internal affairs files involving complainant, Herbert Terri; and for such further relief as may be just and proper in the premises. The petition in this case was verified as required by rule of this court.

The petition alleged that petitioner is the acting prosecutor for the City and County of Honolulu, State of Hawaii; that respondent Walter M. Heen is the presiding judge of the twelfth division of the First Circuit Court, State of Hawaii; and that respondent Robert Apollo Holbron is the defendant indicted under Criminal No. 49628, for the alleged commission of two crimes, namely, assault in the third degree (count I) and attempted assault in the first degree (count II). The petition also alleged that respondent Holbron was the movant in respondent Judge Heen's court seeking a disclosure of police records and/or internal affairs files concerning any citizen complaints of official misconduct against the complainant and arresting officer, Officer Herbert Terri;[1] that such motion for disclosure was filed with respect to count II, a felony, under Criminal No. 49628.

The petition further alleged that on March 24, 1977, respondent Judge Heen, following a hearing on the motion, granted the same, and the written order thereon was filed on April 7, 1977; that on April 1, 1977, after respondent Judge Heen's oral ruling on the motion for disclosure, the petitioner

---

[1] Rule 16(b) (3) of the Hawaii Rules of Penal Procedure provides:

(3) *Disclosure of Matters Not Within Prosecution's Possession.* Upon written request of defense counsel and specific designation by him of material or information which would be discoverable if in the possession or control of the prosecutor and which is in the possession or control of other governmental personnel, the prosecutor shall use diligent good faith efforts, to cause such material or information to be made available to defense counsel; and if the prosecutor's efforts are unsuccessful the court shall issue suitable suppoenas or orders to cause such material or information to be made available to defense counsel.

advised respondent Judge Heen that an interlocutory appeal would be taken because of the overbroad interpretation given by respondent Judge Heen to *Tighe v. City and County,* 55 Haw. 420, 520 P.2d 1345 (1974); that respondent Judge Heen reserved ruling on the oral application for interlocutory appeal and informed petitioner that it would be necessary to file a written application for such interlocutory appeal; however, respondent Judge Heen did continue the trial setting until the week of June 6, 1977.

The petition alleged in the concluding paragraphs 6, 7, 8, and 9: That respondent Judge Heen has exceeded his lawful authority by granting disclosure of confidential police records and/or internal affairs files which have been declared privileged in criminal cases by the Chief of Police in Administrative Notice No. 77-25, dated January 27, 1977; that petitioner is faced with dismissal of the indictment, as well as pain of contempt, if he does not comply with the order of disclosure of police records and/or internal affairs files; that petitioner asserts and submits that the information sought to be disclosed is absolutely privileged and immune from disclosure in criminal cases under both common law and the chief of police's administrative directive; and that prohibition is the proper means of securing relief prayed for since petitioner has no plain, speedy or adequate remedy.

Respondent Judge Heen has filed a return to order to show cause requesting that the petition for writ of prohibition be dismissed, based upon the record of State of Hawaii *v.* Robert Apollo Holbron, Criminal No. 49628, in the Circuit Court of the First Judicial Circuit, State of Hawaii.

Respondent Robert Apollo Holbron filed an answer to the petition for writ of prohibition in which he denied the allegations contained in paragraphs 6, 7, 8, and 9 of the petition. In his answer he also asserted that the petition fails to state a claim against respondents upon which relief can be granted and that this court lacks jurisdiction over the cause.

The written order of respondent Judge Heen directing that disclosure be made by the prosecutor, filed on April 7, 1977, read in pertinent part as follows:

IT IS HEREBY ORDERED that said motion be and is hereby granted, and

IT IS FURTHER ORDERED that the prosecutor make available to counsel for the defendant police records and/or internal affairs files of the officer-complainant, HERBERT TERRI, Honolulu Police Department, Badge Number 2859, concerning:

1. any and all citizen complaints of official misconduct including excessive force or overbearing conduct, against Officer Terri; and

2. any and all incidents which may reflect the moral turpitude of Officer Terri.

The remedy granted by a writ of prohibition is a drastic one, which is to be invoked only in extraordinary situations. *Sapienza v. Hayashi,* 57 Haw. 289, 554 P.2d 1131 (1976); *see Kerr v. United States District Court,* 426 U.S. 394 (1976). Such a writ may be issued when the party seeking it has no other adequate remedy. *Sapienza v. Hayashi, supra; Chung v. Ogata,* 54 Haw. 146, 504 P.2d 868 (1972). The burden is upon the petitioner to show clearly and indisputably that he is entitled to the issuance of the writ. *Sapienza v. Hayashi, supra; Chung v. Ogata, supra; Kerr v. United States District Court, supra.* It has also been said that the issuance of the writ is within the discretion of this court, and this court will not issue the writ unless there are special circumstances to make it a rare and exceptional case. *Chung v. Ogata, supra.* In *Sapienza v. Hayashi, supra,* we issued the writ because we were satisfied that there existed in that case special circumstances. In *Chung v. Ogata, supra,* we denied the issuance of the writ because the record in that case did not show any facts constituting special circumstances making it a rare and exceptional case.

We believe that this case is controlled by *Chung v. Ogata, supra.* In that case the petition for the writ was filed with this court by a prosecutor against a circuit judge to prevent him from enforcing an order which authorized the production of a grand jury transcript to certain persons alleged to have committed murder. Just as in that case, respondent Judge Heen in this instance had jurisdiction of the criminal case before

him and the parties involved therein. He also had jurisdiction to issue the order directing that disclosure be made to respondent by the prosecution. Rule 16, Hawaii Rules of Penal Procedure. Likewise, respondent Judge Heen was competent to sit as the judge in the criminal case. Similarly, we believe that in granting the motion the judge "committed, at most, a legal error rather than an act in excess of his jurisdiction." *Chung v. Ogata, supra,* 54 Haw. at 148-149, 504 P.2d at 870. We conclude in this case that the record does not show any special circumstances to warrant prohibition.

The petition asserts and petitioner argues that the information sought by respondent Holbron pursuant to Rule 16(b) (3), Hawaii Rules of Penal Procedure, is absolutely privileged and immune from disclosure in criminal cases under common law and the chief of police's administrative directive. Respondent Holbron, on the other hand, contends that these records and files may contain evidence concerning incidents which may have a strong bearing on the credibility of the complainant's testimony in the criminal case. On that basis, he believes that examination of the records and files is necessary for trial preparation and for proper cross-examination of Officer Terri. We stated in *Tighe v. City and County, supra,* that there is no absolute privilege under common law or under statute that insulates police records from discovery in civil cases. In that connection, we stated at 55 Haw. at 422, 520 P.2d at 1346-1347: "Public interest in preservation of confidentiality and secrecy may be sufficient reason for insulation of police or other governmental records from discovery in special, individual cases, but such claims of privilege for such records on this basis require documentation and argument by the governmental agency asserting the privilege, and subsequent judicial evaluation of the claim of privilege. Certainly no such claim has been made here." We know of no relevant statutory amendment since our decision in *Tighe v. City and County, supra,* and we see no reason why the rule announced therein should not apply in criminal cases.

The record in this case does not show a claim for insulation of these records and files from discovery in special,

individual cases based upon documentation and argument and subsequent judicial evaluation of the claim of privilege. We would suggest that the proper procedure for the resolution of this sensitive issue of disclosure be conducted in an in camera proceedings under Rule 16(e) (6) of the Hawaii Rules of Penal Procedure. *See Kerr v. United States District Court, supra; Beckon v. Emery,* 36 Wis.2d 510, 516-17, 153 N.W.2d 501, 503-504 (1967).

Moreover, the supplemental memorandum of law in support of the petition for a writ of prohibition filed by petitioner indicates that petitioner may be agreeable to a disclosure subject to an in camera inspection of these police records and internal affairs files so that the irrelevant material may be deleted from the order of disclosure. In the memorandum for respondent Holbron in opposition, he states: "In the instant case, petitioner should have sought relief by way of motion for in camera proceeding before the trial judge prior to initiating this writ." An in camera motion may be instituted under Rule 16(e) (6) of the Hawaii Rules of Penal Procedure by the petitioner at any appropriate time and the filing of this petition should not forever preclude such proceedings. In fact a review by the trial judge in camera of these documents may be desirable and would provide the safeguards to "insure that the balance between petitioners' claims of irrelevance and privilege and plaintiffs' asserted need for the documents is correctly struck." *Kerr v. United States District Court, supra,* 426 U.S. at 405.

We, therefore, leave the petitioner to assert his alternative remedy before respondent Judge Heen's court to seek an in camera inspection of the records and files.

The petition for a writ of prohibition is denied.

*Arthur E. Ross,* Deputy Prosecuting Attorney, for petitioner *Togo Nakagawa,* Acting Prosecuting Attorney, City & County of Honolulu, State of Hawaii.

*Walter G. Chuck,* Special Deputy Attorney General, for respondent *Walter M. Heen,* Judge, First Circuit Court.

*Renee M. L. Yuen,* Deputy Public Defender, for respondent Holbron.