LYNN, J.
This is an interlocutory appeal from an order of the Superior Court {Brown, J.) denying the motion for services other than counsel filed by the defendant, Heidi Brouillette. See Sup. Ct. R. 8. We reverse and remand.
I
We accept the facts as presented in the interlocutory appeal statement and rely upon the record for additional facts as necessary. See State v. Hess Corp., 159 N.H. 256, 258 (2009). The defendant is charged with one count each of: burglary, see RSA 635:1 (2007); second degree assault, see RSA 631:2 (Supp. 2013); and criminal mischief, see RSA 634:2 (Supp. 2013). At *489 the time of her arraignment, the defendant applied for appointed counsel. Based upon her financial affidavit, the trial court determined that she was indigent and qualified for appointed counsel. However, prior to February 2013 the defendant retained private counsel and appointed counsel withdrew from the case. In that month, the defendant stated her intent to plead not guilty by reason of insanity, and filed a motion for services other than counsel requesting funds for an expert psychological evaluation. She attached a financial affidavit to her motion to support her claim of indigence.
In denying the defendant’s motion, the trial court stated: “Attorney Sakellarios is a retained counsel, not court-appointed and, thus, the court cannot order the expenditure of funds.” The court went on to explain: “The Court recognizes that initially the defendant qualified for and was appointed [the] Public Defender. Upon the court’s receipt of [the] Public Defender’s Withdrawal and the appearance of current counsel, an ability to pay is presumed.” The trial court concluded by stating that it would reevaluate whether services other than counsel were warranted if the public defender were reassigned to the defendant’s case, but that, otherwise, she would have to obtain services other than counsel at her own expense. The record does not show that the trial court reviewed the defendant’s attached financial affidavit in reaching its conclusion. The defendant filed a motion for reconsideration, which the trial court denied. With the trial court’s approval, the defendant then sought interlocutory review of the court’s ruling, and we granted her request.
II
The superior court transferred the following question for our consideration:
Does the right to assistance of counsel, due process of law and equal protection under the law require that an indigent defendant, who is not represented by appointed counsel, be provided with funding for necessary services other than counsel?
This question specifically asks whether RSA 604-A:6 (Supp. 2013), which deals with funding for services other than counsel, violates the State and Federal Constitutions. “Because we decide cases on constitutional grounds only when necessary, when a claim of error is based upon both a statutory provision and a constitutional provision, we first will address the statutory argument.” State v. Addison, 165 N.H. 381, 418 (2013).
“The interpretation of a statute is a question of law, which we review de novo.” State Employees’ Assoc. of N.H. v. State of N.H., 161 N.H. 730, 738 (2011). “In matters of statutory interpretation, we are the final arbiter of *490 the intent of the legislature as expressed in the words of a statute considered as a whole.” Addison, 165 N.H. at 418. “We first examine the language of the statute and ascribe the plain and ordinary meanings to the words used.” Id. “Absent an ambiguity we will not look beyond the language of the statute to discern legislative intent.” Id. “We interpret legislative intent from the statute as written and will not consider what the legislature might have said or add language it did not see fit to include.” Id. “Our goal is to apply statutes in light of the policy sought to be advanced by the entire statutory scheme.” Id. “Accordingly, we interpret a statute in the context of the overall statutory scheme and not in isolation.” Id.
 RSA 604-A:6 states, in pertinent part:
In any criminal case in which counsel has been appointed to represent a defendant who is financially unable to obtain investigative, expert or other services necessary to an adequate defense in his case, counsel may apply therefor to the court, and, upon finding that such services are necessary and that the defendant is financially unable to obtain them, the court shall authorize counsel to obtain the necessary services on behalf of the defendant.
The trial court apparently interpreted this section as allowing a court to approve funding for services other than counsel only if an indigent criminal defendant is represented by appointed counsel. This reading fails to take into account the overall statutory scheme, which is outlined in the legislature’s express declaration of purpose for RSA chapter 604-A:
The purpose of this chapter is to provide adequate representation for indigent defendants in criminal cases, as a precondition of imprisonment .... Representation shall include counsel and investigative, expert and other services and expenses, including process to compel the attendance of witnesses, as may be necessary for an adequate defense before the courts of this state.
RSA 604-A:l (Supp. 2013) (emphasis added); see Opinion of the Justices, 141 N.H. 562, 568 (1997) (“A legislative declaration of purpose is ordinarily accepted as a part of the act.”). In guaranteeing an adequate defense for all indigent criminal defendants, the declaration of purpose — in plain language — focuses upon only two considerations: (1) the defendant’s indigency; and (2) the necessity of the requested services to an adequate defense. See State v. Burns, 4 P.3d 795, 801 (Utah 2000) (“[T]he only deciding factors of eligibility for [expert] assistance are that the defendant in a criminal case be indigent and that the investigatory and other facilities be necessary to a complete defense.”). RSA 604-A:l does not condition this *491 guarantee upon, or limit it to, situations in which the defendant has appointed counsel. To the contrary, the statutory language shows that its goal of adequate representation applies broadly to “indigent defendants in criminal cases,” and generally includes “counsel and investigative, expert and other services and expenses ... as may be necessary for an adequate defense.” RSA 604-A:l.
 The New Hampshire Association of Criminal Defense Lawyers, appearing as amicus, submits that the use of the word “shall” in the declaration of purpose “suggests that no other provision of the Chapter should be casually construed to deprive a class of indigent criminal defendants of this statutory right.” See Asmussen v. Comm’r, N.H. Dep’t of Safety, 145 N.H. 578,586 (2000) (statutes will not be construed in away that “nullifies, to an appreciable extent,” their evident purpose). We agree. When read in the context of the overall statutory scheme, RSA 604-A:6 is best understood simply as the procedure the trial court must follow when indigent criminal defendants, who are represented by appointed counsel, seek funding for services other than counsel. On the other hand, the legislature’s general statement of purpose found in RSA 604-A:l guides the court when a criminal defendant without appointed counsel petitions the court for funding for such services: If the defendant is indigent — despite the lack of appointed counsel — and the services are necessary, the defendant falls within the statute’s guarantee of an adequate defense, and the court should act accordingly. See Arnold v. Higa, 600 P.2d 1383, 1385 (Haw. 1979) (‘While the statute contains certain provisions relating solely to a defendant represented by the public defender or certain court-appointed counsel, the statutory language does not in any way limit the court’s authority to approve funds for investigatory services for a defendant with private counsel.”).
RSA 604-A:6 cannot be read as prohibiting a court from authorizing necessary services to indigent criminal defendants who are self-represented, or who have pro bono, reduced fee, or retained counsel. To condition fulfillment of the statute’s goal of providing adequate representation to all indigent criminal defendants upon the existence of appointed counsel grafts language onto the statute that the legislature did not see fit to include. See Addison, 165 N.H. at 418. Moreover, by excluding an entire class of indigent defendants from receiving such services, this interpretation frustrates the policy that the legislature sought to advance by the overall statutory scheme. See id. We also note that, although the State supports the interpretation of RSA 604-A:6 adopted by the trial court, it does not assert that construing the statute to condition state-funded services other than *492 counsel on representation by appointed counsel furthers some fiscal or efficiency goals that the legislature had in mind when it enacted the legislation.
Other courts have likewise held that the absence of a prohibitory clause in similar statutes supports an interpretation that permits payment for necessary services for indigent defendants even when they do not have appointed counsel. See, e.g., Arnold, 600 P.2d at 1385; Burns, 4 P.3d at 800. In Burns, for example, the Utah Supreme Court considered whether a trial court could require a defendant to accept appointed counsel to qualify for other state-funded assistance. Burns, 4 P.3d at 798. In holding that appointed counsel was not a prerequisite to a defendant receiving necessary services, the court focused on the statutory minimum standards available to indigent defendants — standards that mirror the stated purpose of RSA chapter 604-A in this case. Id. at 800. “[I]t is clear from the plain language of [the standards] that a county must provide the investigatory and other facilities necessary for a complete defense to every indigent person, not just to those represented by [appointed counsel].” Id. at 800-01 (quotations and brackets omitted). The court further stated that “there is nothing in the [relevant statutory] section that conditions availability of these basic tools of defense on acceptance” of appointed counsel. Id. at 801. The court concluded, as we do here, that there are only two statutory requirements to receiving public assistance for services: the defendant’s indigency and the necessity of the requested services. Id. These two considerations, rather than the particulars of the manner in which the defendant secures counsel, are at the core of a statutory scheme that, like the one here, is meant to ensure an adequate defense for indigent criminal defendants.
We recognize that the fact that a criminal defendant has retained counsel, rather than appointed counsel, may bear upon the question of whether he or she qualifies as indigent; and nothing in this opinion is intended to limit a trial court’s authority to make such inquiries, as it deems necessary, to ensure both that a criminal defendant is indigent and that the services requested are necessary before it approves such a request. See Arnold, 600 P.2d at 1385 (“An inquiry into the circumstances behind Petitioner’s change in counsel and a determination whether he could afford additional litigation expenses should have been made.”).
Because we hold that RSA 604-A:6 does not prohibit receipt of funds for services other than counsel by indigent criminal defendants who are not represented by appointed counsel, we have no occasion to consider whether a contrary construction of the statute would violate the defendant’s rights *493 under the State or Federal Constitutions. See State v. Berrocales, 141 N.H. 262, 264 (1996) (stating that it is “our long-standing policy not to decide questions of a constitutional nature unless absolutely necessary” (quotation omitted)). Accordingly, we reverse and remand for further proceedings consistent with this opinion.

Reversed and remanded.

CONBOY and BASSETT, JJ., concurred; DALIANIS, C.J., with whom Hicks, J., joined, dissented.