# THE STATE OF NEW HAMPSHIRE

## SUPREME COURT

**In Case No. 2015-0680, <u>Dennis R. Cookish v. Danielle Clark</u>, the court on May 26, 2016, issued the following order:**

Having considered the brief and record submitted on appeal, we conclude that oral argument is unnecessary in this case. See <u>Sup. Ct. R.</u> 18(1). We vacate and remand.

The plaintiff, Dennis R. Cookish, appeals an order of the Superior Court (<u>McNamara</u>, J.) denying his request to waive a sheriff's fee for service of process. He argues that, based upon his indigence, he was entitled to waiver of the fee, and that by denying the request, the trial court deprived him of access to the court and a remedy under Part I, Article 14 of the State Constitution.

The record establishes that in 2010, the plaintiff filed a civil action against the defendant, Danielle Clark, in superior court. In connection with the case, the trial court waived the sheriff's fee and all but $5 of the filing fee. In 2012, the plaintiff obtained judgment in the amount of $4,264.60, plus costs and statutory interest.

In June 2015, the plaintiff filed a motion for periodic payments of the judgment, see RSA 524:6-a (Supp. 2015), and a motion to waive fees. The trial court granted the motion to waive fees, but apparently did not waive the sheriff's fee. It then issued a summons and ordered the plaintiff to have the sheriff's office serve the defendant no later than September 30, 2015.

On September 27, 2015, the plaintiff filed a motion to waive the sheriff's fee, asserting that the sheriff's office required prepayment of $50, that he was incarcerated, and that he did not have money to satisfy the fee. The trial court denied the motion without explanation. The plaintiff moved for reconsideration, asserting that his financial circumstances had not changed since the court had waived the sheriff's fee in 2010, and that denial of the motion deprived him of access to the court and the right to a remedy under Part I, Article 14 of the New Hampshire Constitution. The trial court denied the motion, reasoning that "[t]he Plaintiff's right to a remedy does not extend to the Court requiring the public to fund Plaintiff's attempt to recover money."

Although we have observed that, under certain circumstances, the constitutional right of access to the courts may bar the imposition of fees for service of process upon a party who, by reason of poverty, cannot afford the

fees, see Brown v. Brown, 112 N.H. 410, 411 (1972), we have never addressed whether the right to a remedy under Part I, Article 14 entitles an impoverished plaintiff to waiver of fees for service of process in order to collect a judgment. We note that courts in other jurisdictions have reached differing conclusions in similar cases. Compare Patrick v. Lynden Transport, Inc., 765 P.2d 1375, 1379 (Alaska 1988) (in invalidating bond requirement for nonresident plaintiffs on state equal protection grounds, observing that access to courts both to reduce a claim to judgment and to collect it is an important right protected by the Alaska Constitution), with Bowman v. Waldt, 513 P.2d 559, 562-64 (Wash. Ct. App. 1973) (holding that Washington Constitution did not require waiver of fees and costs charged by a sheriff for executing a writ of execution on behalf of an indigent judgment creditor).

We need not decide in this case whether the New Hampshire Constitution entitled the plaintiff to waiver of the sheriff's fee, however, because the trial court was statutorily authorized to waive it if it found that the plaintiff was indigent, and because it does not appear that the trial court considered its statutory authority. Cf. State v. Brouillette, 166 N.H. 487, 492-93 (2014) (declining to consider constitutional argument because the relevant statute granted the defendant relief). RSA 499:18-b (2010) expressly provides that "any person, by reason of poverty, may seek relief from the payment of any fees provided by law which are payable to any court, clerk of court, or sheriff," and authorizes the trial court to "order the payment of such fees waived." See also RSA 623-B:2, IV, :3, I, III (2001) (authorizing court to allow inmate to commence, prosecute, or defend any civil action or proceeding without prepayment of fees and costs if inmate is unable to pay such fees or costs, or upon such partial payment of fees and costs as inmate can afford). The trial court's authority includes the waiver of "[f]ees for the service of process by sheriffs," which "shall be a charge against the state" if waived. RSA 499:18-b.

In this case, there is no indication in the record that the trial court considered its authority under RSA 499:18-b to waive the sheriff's fee; it simply denied the request to waive the sheriff's fee after it had earlier granted the plaintiff's June 2015 motion to waive fees, and then reasoned on reconsideration that the plaintiff's right to a remedy did not encompass a right to have the public subsidize his collection costs. The failure to exercise discretion is itself an unsustainable exercise of discretion. See DeButts v. LaRoche, 142 N.H. 845, 847 (1998). Accordingly, we vacate the trial court's order denying the motion to waive the sheriff's fee, and direct the trial court, upon remand, to reconsider the request pursuant to RSA 499:18-b.

If the trial court, upon remand, exercises its discretion under RSA 499:18-b to deny the motion to waive the sheriff's fee, it shall issue written

findings of fact and rulings of law sufficient to allow for meaningful appellate review of its decision.

<u>Vacated and remanded</u>.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,
Clerk**
