**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2020-0448, <u>John Doe v. Attorney General</u>, the court on July 21, 2022, issued the following order:**

Having considered the briefs of the parties and the <u>amici</u> <u>curiae</u>, and the record submitted on appeal, the court concludes that a formal written opinion is unnecessary in this case. We affirm in part, vacate in part, and remand.

The primary question in this case concerns whether RSA 105:13-b, II (2013) provides a framework for the court to use its "equitable powers" to determine that evidence contained within a police officer's personnel file is not exculpatory and remove the officer's name from the exculpatory evidence schedule (EES). The petitioner, John Doe, also asserts that the trial court "committed an unsustainable exercise of discretion or erred as a matter of law when it failed to examine the underlying facts of the case to determine if the 'sustained' finding of discipline should have been overturned." Both arguments constitute questions of law, which we considered in our recent opinion in <u>John Doe v. New Hampshire Attorney General</u>, 175 N.H. ___ (decided July 21, 2022). In that case, we concluded that RSA 105:13-b, II does not apply outside the scope of a particular criminal case and, therefore, could not provide the petitioner with the relief sought. We reiterate the same in the present case.

In addition, the petitioner appeals the trial court's determination on due process under the New Hampshire Constitution. However, during the pendency of this appeal, the legislature passed House Bill 471 (HB 471). Laws 2021, ch. 225. HB 471 amended RSA chapter 105 by adding a new section, RSA 105:13-d, which speaks to officer placement on the EES. <u>See</u> <u>id</u>. Relying on the enactment of the statute, Doe filed a motion to stay in this court. In his motion, Doe took the position that, upon enactment, HB 471 creates a "new cause of action, which would make [his] case[] before the Supreme Court moot." The State objected to this motion, contending that the new statute does not moot the appeal because it "does not create a new cause of action nor does it give [Doe] an opportunity to refile the same complaint."

The proper interpretation of RSA 105:13-d has not been fully briefed or argued in this court. If, as Doe argues, the enactment of RSA 105:13-d provides him with the relief that he seeks in the trial court, then there may be no need to decide the constitutional question presented in this appeal. Because we decide constitutional questions only when necessary,

<u>State v. Brouillette</u>, 166 N.H. 487, 489 (2014), we conclude that this issue should be considered, in the first instance, by the trial court.  Accordingly, we vacate the trial court's ruling on the state constitutional due process issue, and remand for further proceedings without prejudice to Doe amending his petition given the statutory change.

<u>Affirmed in part; vacated in part; and remanded</u>.

HICKS, BASSETT, HANTZ MARCONI, and DONOVAN, JJ., concurred.


**Timothy A. Gudas,
Clerk**