NOTICE: This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press. Errors may be reported by email at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: https://www.courts.nh.gov/our-courts/supreme-court

THE SUPREME COURT OF NEW HAMPSHIRE

_____

Merrimack
No. 2020-0447

JOHN DOE

v.

ATTORNEY GENERAL

Argued: September 28, 2021
Opinion Issued: July 21, 2022

Milner & Krupski, PLLC, of Concord (Marc G. Beaudoin and John S. Krupski on the brief, and John S. Krupski orally), for the petitioner.

John M. Formella, attorney general (Anthony J. Galdieri, senior assistant attorney general, and Samuel R.V. Garland, assistant attorney general, on the brief, and Anthony J. Galdieri orally), for the respondent.

American Civil Liberties Union of New Hampshire Foundation, of Concord (Gilles R. Bissonnette and Henry R. Klementowicz on the joint brief), and Wadleigh, Starr & Peters, of Manchester (Robin D. Melone on the joint brief), for New Hampshire Association of Criminal Defense Lawyers, as amici curiae.

HANTZ MARCONI, J.  The petitioner, John Doe, appeals an order of the Superior Court (Kissinger, J.) dismissing his petition for declaratory and injunctive relief for failure to state a claim under either RSA 105:13-b (2013) or the State Constitution.  We affirm in part, vacate in part, and remand for further proceedings consistent with this opinion.

I

We accept the following factual allegations as true for the purposes of this appeal.  See Automated Transactions v. Am. Bankers Ass'n, 172 N.H. 528, 532 (2019).  In April 2016, while employed as a patrol officer by a town police department, Doe was investigated by that department for denying that he wrote in permanent marker on a department rain jacket.  Although Doe "was led to believe" he would only receive a "verbal counseling" for what he understood to be a misunderstanding, he later found that the investigation resulted in a one-page written report.  In April 2017, after leaving the department, Doe was informed by a letter from the County Attorney's Office that, from a review of his personnel file, his name was being placed on the Exculpatory Evidence Schedule (EES).[1]  Doe did not contest his inclusion on the EES at that time because he "was in the full-time police academy, and he did not have the time to make an argument against" his inclusion.  Later, Doe submitted two requests to remove his name from the EES to the Attorney General's Office (AGO).  Both requests were denied for lack of an "order or other determination" overturning the original finding of misconduct.

Citing RSA 105:13-b and his right to due process under the Federal Constitution, Doe filed a petition for declaratory relief and a request for preliminary and permanent injunctions against the AGO, seeking review of his personnel file, removal from the EES, and attorney's fees.  The AGO moved to dismiss the petition, arguing, inter alia: (1) RSA 105:13-b does not provide a mechanism for judicial review of whether evidence in an officer's personnel file is generally not exculpatory in order to obtain removal from the EES; and (2) Doe failed to state a claim for relief under the Federal Constitution.  Doe objected.

Because Doe had relied on two cases decided under the New Hampshire Constitution, the trial court construed the petition as raising claims under both the New Hampshire and Federal Constitutions in its August 27, 2020

---

[1] The AGO currently maintains a list of police officers who have engaged in misconduct reflecting negatively on their credibility or trustworthiness.  N.H. Ctr. for Pub. Interest Journalism v. N.H. Dep't of Justice, 173 N.H. 648, 651 (2020).  The list, formerly known as the "Laurie List," is now called the Exculpatory Evidence Schedule (EES).  Id.  We provide a detailed discussion of the purpose and origin of the "Laurie List" in Duchesne v. Hillsborough County Attorney, 167 N.H. 774, 777-79 (2015).

order. The trial court first considered whether RSA 105:13-b created a cause of action for officers to have their names removed from the EES, or, in the alternative, whether it created a framework by which the trial court could exercise its equitable powers. It found that RSA 105:13-b does not create an independent cause of action for an officer to seek a declaratory judgment in a civil suit and that it did not allow the trial court to consider whether evidence was exculpatory outside of a pending criminal case. The court then determined that Doe had failed to state a claim under either the Federal or State Constitutions because he had received adequate due process under either standard. This appeal followed.

II

In reviewing a motion to dismiss, our standard of review is whether the allegations in the plaintiff's pleadings are reasonably susceptible of a construction that would permit recovery. Automated Transactions, 172 N.H. at 532. We assume the plaintiff's pleadings to be true and construe all reasonable inferences in the light most favorable to the plaintiff. Id. We then engage in a threshold inquiry that tests the facts in the petition against the applicable law, and if the allegations do not constitute a basis for legal relief, we must affirm the grant of the motion to dismiss. See id.

Doe argues on appeal that the trial court erred when it: (1) declined to conduct an in camera review of Doe's personnel file to determine if it contained exculpatory evidence; and (2) found that it could not consider whether evidence in the personnel file was exculpatory outside of a particular criminal proceeding. Doe asserts, in part, that RSA 105:13-b, II grants the trial court the "authority to review the underlying facts in these types of cases and . . . use its equitable powers to order that the officer's name [be] removed from the EES."

When, as here, the party's arguments require us to engage in statutory interpretation, our review is de novo. State v. Beattie, 173 N.H. 716, 720 (2020). We first look to the language of the statute itself, and, if possible, construe that language according to its plain and ordinary meaning. Id. We interpret the statute as written and will not consider what the legislature might have said or add language that the legislature did not see fit to include. See id. The legislature is not presumed to waste words or enact redundant provisions and, whenever possible, every word of a statute should be given effect. Id. We construe all parts of a statute together to effectuate its overall purpose and avoid an absurd or unjust result. Id. Moreover, we do not consider words and phrases in isolation, but rather within the context of the statute as a whole. Id.

3

RSA 105:13-b states:

**Confidentiality of Personnel Files.**

I. Exculpatory evidence in a police personnel file of a police officer who is serving as a witness in any criminal case shall be disclosed to the defendant. The duty to disclose exculpatory evidence that should have been disclosed prior to trial under this paragraph is an ongoing duty that extends beyond a finding of guilt.

II. If a determination cannot be made as to whether evidence is exculpatory, an in camera review by the court shall be required.

III. No personnel file of a police officer who is serving as a witness or prosecutor in a criminal case shall be opened for the purposes of obtaining or reviewing non-exculpatory evidence in that criminal case, unless the sitting judge makes a specific ruling that probable cause exists to believe that the file contains evidence relevant to that criminal case. If the judge rules that probable cause exists, the judge shall order the police department employing the officer to deliver the file to the judge. The judge shall examine the file in camera and make a determination as to whether it contains evidence relevant to the criminal case. Only those portions of the file which the judge determines to be relevant in the case shall be released to be used as evidence in accordance with all applicable rules regarding evidence in criminal cases. The remainder of the file shall be treated as confidential and shall be returned to the police department employing the officer.

As we have previously observed, RSA 105:13-b addresses three situations that may exist with respect to police officers appearing as witnesses in criminal cases. State v. Shaw, 173 N.H. 700, 708 (2020); accord Duchesne v. Hillsborough County Attorney, 167 N.H. 774, 781-82 (2015). First, insofar as the personnel files of officers who appear as witnesses in a criminal case contain exculpatory evidence, paragraph I requires the State to disclose the information to the defendant. See Shaw, 173 N.H. at 708. Next, paragraph II of RSA 105:13-b covers situations in which there is uncertainty whether evidence contained within police personnel files is, in fact, exculpatory. Id. at 709. Paragraph II directs that, where such uncertainty exists, the evidence at issue shall be submitted to the court for in camera review. Id.

4

Finally, paragraph III covers evidence that is non-exculpatory but may nonetheless be relevant to a case in which an officer is a witness. Id. This paragraph prohibits the opening of a police personnel file to examine the same for non-exculpatory evidence unless the trial court makes a specific finding that probable cause exists to believe that the file contains evidence relevant to the particular criminal case. Id. None of these inquiries is conducted outside the scope of a particular criminal case.

Citing New Hampshire Center for Public Interest Journalism v. New Hampshire Department of Justice, 173 N.H. 648, 656 (2020), Doe argues that we have already found that RSA 105:13-b can apply outside the context of a specific criminal case, and that we should conclude it does so here. Doe's argument misconstrues our analysis in New Hampshire Center for Public Interest Journalism, where we assumed — without deciding — for the purposes of that appeal, that RSA 105:13-b could apply outside of the context of a specific criminal case. N.H. Ctr. for Pub. Interest Journalism, 173 N.H. at 656. That decision addressed whether the EES was, itself, information maintained in a police officer's personnel file governed by RSA 105:13-b and thus subject to statutory exemption from RSA chapter 91-A. See id. We determined that it was not. Id. There, unlike the case presently before us, we did not need to determine whether RSA 105:13-b was available outside of a particular criminal case in rendering our decision. See id.

Recently, in Petition of the State of New Hampshire (State v. Fuchs), 174 N.H. 785, 792 (2022), we articulated that disclosure requirements under RSA 105:13-b, I, and III are explicitly tied to a "particular criminal case." Doe contends that, because paragraph II of RSA 105:13-b does not contain an express provision referring to an officer serving as a witness, it allows the court to review a police officer's personnel file outside the context of a particular criminal case, and make a generalized determination that the evidence contained therein is not exculpatory. It is true that paragraph II does not contain a clause expressly referring to an officer serving as a witness. See RSA 105:13-b, II. However, read as a whole, RSA 105:13-b details the procedure for turning over to a defendant any exculpatory or relevant evidence found in the personnel files of any police officer testifying in a criminal case while maintaining the confidentiality of those files for all other purposes. Petition of the State of New Hampshire, 174 N.H. at 793; see also RSA 105:13-b. Paragraph II, in particular, serves as a mechanism to ensure that information that would not otherwise be discoverable in a particular criminal case remains confidential. See RSA 105:13-b; cf. Shaw, 173 N.H. at 709 ("Paragraph II directs that, where such uncertainty [i.e., whether evidence is exculpatory] exists, the evidence at issue is to be submitted to the court for in camera review." (quotation omitted)). Accordingly, we conclude that RSA 105:13-b, II does not authorize the trial court to review the contents of an officer's personnel file outside the scope of a particular criminal case.

Doe next asserts that the trial court "committed an unsustainable exercise of discretion or erred as a matter of law when it failed to examine the underlying facts of the case to determine if the 'sustained' finding of discipline should have been overturned." (Bolding omitted.)  To the extent that Doe relies on RSA 105:13-b to support his position that the trial court has the authority to conduct such a review, we reject this conclusion for the reasons articulated above.  Insofar as Doe seeks to invoke the trial court's general equitable jurisdiction to support his position, we conclude that such argument is insufficiently developed for our review.  See White v. Auger, 171 N.H. 660, 665 (2019).

Finally, Doe asserts that the trial court erred when it "concluded that the plaintiff received sufficient due process under the New Hampshire Constitution Part I, Articles 14 and 15." (Bolding omitted.)  During the pendency of this appeal, the legislature passed House Bill 471 (HB 471).  See Laws 2021, ch. 225.  HB 471 amended RSA chapter 105 by adding a new section, RSA 105:13-d, which speaks to officer placement on the EES.  Id.  Relying on the enactment of the statute, Doe filed a motion to stay in this court.  In his motion, Doe took the position that, upon enactment, HB 471 creates a "new cause of action, which would make [his] case[] before the Supreme Court moot."  The State objected to this motion, contending that the new statute does not moot the appeal because it "does not create a new cause of action nor does it give [Doe] an opportunity to refile the same complaint."

The proper interpretation of RSA 105:13-d has not been fully briefed or argued in this court.  If, as Doe argues, the enactment of RSA 105:13-d provides him with the relief that he seeks in the trial court, then there may be no need to decide the constitutional question presented in this appeal.  Because we decide constitutional questions only when necessary, State v. Brouillette, 166 N.H. 487, 489 (2014), we conclude that this issue should be considered, in the first instance, by the trial court.  Accordingly, we vacate the trial court's ruling on the state constitutional due process issue, and remand for further proceedings without prejudice to Doe amending his petition given the statutory change.

> Affirmed in part; vacated in part; and remanded.

HICKS, BASSETT, and DONOVAN, JJ., concurred.

6