ALAN DALE ARNOLD, Petitioner *v*. KASE HIGA, Judge, Circuit Court, Second Circuit, State of Hawaii, RANDALL J. KRAUSE, and STATE OF HAWAII, Respondents

NO. 7366

OCTOBER 5, 1979

RICHARDSON, C.J., OGATA AND MENOR, JJ., AND RETIRED JUSTICES MARUMOTO AND KOBAYASHI ASSIGNED BY REASON OF VACANCIES

204

OPINION OF THE COURT BY RICHARDSON, C.J.

A petition for writ of prohibition has been filed seeking (1) to prohibit the Respondent circuit judge from enforcing his order which denies Petitioner's motion for appointment of an investigator and (2) to order appointment of such investigator to assist Petitioner in the presentation of his case.

Petitioner was indicted for murder in Criminal No. 5198 and was initially represented by court-appointed counsel following a determination of his indigency. His present attorney was thereafter retained by Petitioner's parents after previous counsel had exhausted the maximum allowable attorney's fees from the State. When Petitioner then requested appointment of an investigator to be paid with court funds, as authorized by HRS § 802-7,[1] the Respondent judge denied the

---

[1] Section 802-7, Hawaii Revised Statutes, states:

§ 802-7 Litigation expenses. The court may, upon a satisfactory showing that a criminal defendant is unable to pay for transcripts or witness fees and transportation, or for investigatory, expert or other services, [or for filing costs, appeal bonds or other payments required to be made into court,] and upon a finding that the same are necessary for an adequate defense, direct that such expenses be paid from available court funds or waived, as the case may be, provided [, however,] that where the defendant is represented by the state public defender, [or by other counsel appointed by the court except for such other counsel appointed by the court for reasons of conflict of interest on the part of the public defender,] the public defender shall pay for or authorize payment for the same if the public defender determines that the defendant is unable to pay for the same and that the same are necessary for an adequate defense, and if there is a dispute as to the financial ability of the defendant such dispute shall be resolved by the court. In cases where other counsel have been appointed by the court for reasons

motion on grounds that Petitioner was no longer indigent. This finding was based on the fact that Petitioner had discharged his court-appointed attorney and was now represented by private counsel.

Petitioner now seeks relief from this court claiming that Respondent's conclusion that Petitioner did not qualify for court-paid litigation expenses under HRS § 802-7 was clearly erroneous and prejudiced his constitutional rights to effective assistance of counsel and to a fair and impartial trial. We agree that, in denying the motion on the stated grounds, the judge committed error, and we remand this case for an *ex parte* hearing to determine Petitioner's financial inability to pay and his need for the litigation expenses requested.

To receive court-paid litigation expenses, HRS § 802-7 requires that a defendant be unable to pay for requested investigative or other expert services and that those services be necessary for an adequate defense. While the statute contains certain provisions relating solely to a defendant represented by the public defender or certain court-appointed counsel, the statutory language does not in any way limit the court's authority to approve funds for investigatory services for a defendant with private counsel. Legislative history further supports this conclusion. When the statute was revised to its present form during the Eighth State Legislature, Senate Standing Committee Report 547-75 stated:

> The only situations your Committee foresees when the court will pay for witness, transcript and services other than counsel expenses, are in the case of a defendant represented *pro se* (by himself), where private counsel has been appointed to avoid a conflict of interest within the

of conflict of interest, the court may, upon the requisite showing of inability to pay and a finding that such expenses are necessary for an adequate defense as set forth above, direct that such expenses be paid from available court funds or waived, as the case may be.

The portions in brackets were deleted effective July 1, 1979. The revision is not significant to this case.

office of the public defender, *and where a defendant is represented by privately retained counsel.* 1975 Senate Journal, p. 1041. (Emphasis added.)

Hence, we believe the Respondent judge's conclusion that Petitioner was ineligible solely because he was represented by private counsel was erroneous. An inquiry into the circumstances behind Petitioner's change in counsel and a determination whether he could afford additional litigation expenses should have been made.

Because the Respondent judge denied the request on the basis of nonindigency, he did not reach the question of Petitioner's need for the requested investigatory services. Assuming that Petitioner could show that the services are essential to an adequate defense, the lack of an investigator would severely prejudice Petitioner's opportunity for a fair and impartial trial. An error of such magnitude may require correction by extraordinary remedy. The writ of prohibition is such a remedy; it is used when no other adequate remedies exist and when "[p]etitioner shows that the delay in having the order reversed will be prejudicial, or the error is clear and unambiguous." *Chung v. Ogata,* 54 Haw. 146, 150, 504 P.2d 868, 871 (1971).

In the instant case, while Petitioner is not precluded from seeking an appeal from the final judgment, we believe that an appeal would be an inadequate remedy. Petitioner allegedly seeks the assistance of an investigator to contact out-of-state witnesses whom the prosecution has not pursued. If Petitioner is forced to wait for a reversal on appeal to obtain an investigator, these witnesses will be increasingly difficult to locate and their statements will be considerably less accurate and helpful to a just conclusion of this case. Furthermore, the error on the part of the Respondent is clear. Had he examined the circumstances and found Petitioner able to pay, or had he determined that the services requested were not necessary for an adequate defense, the order denying Petitioner's motion would have been a decision within his discretion as trial judge. Under those circumstances, review by way of an appeal would have been appropriate and sufficient to safeguard the rights of Petitioner.

In the instant case, because Petitioner was not given an opportunity to demonstrate his indigency or fully explain his need for litigation expenses, an *ex parte* hearing to make necessary findings is appropriate. Although HRS § 802-7 does not specifically require that an *ex parte* hearing be conducted, where the defendant requests one, the judge should allow counsel to particularize his reasons for the services without disclosing his defense theory or tactics to the prosecution.

Accordingly, we hereby order Respondent to conduct an inquiry into Petitioner's request for investigative services, determining his financial ability to pay for such services and whether they are necessary for an adequate defense.

*David Bettencourt and Duff Zwald (Brown & Bettencourt* of counsel) for Petitioner.

*Charlotte E. Libman,* Deputy Attorney General, for Respondent Kase Higa.

*Boyd P. Mossman,* Prosecuting Attorney, County of Maui, for Respondent State of Hawaii.

### CONCURRING OPINION OF KOBAYASHI, J.

I concur with the opinion of the majority in all respects, save and except, that the hearing which petitioner is entitled to should not be held *ex parte*.

It is essential that the State participate at the hearing in order that the trial court be more fully informed in the resolution of petitioner's requests for financial assistance for the preparation of an adequate defense.

Without the State's participation, the trial court could very well be placed in the untenable position of being required to review the entire case of the prosecution in order to determine the validity of any of petitioner's demands for assistance.

Furthermore, the portion of the opinion of the majority, stating "the judge should allow counsel . . . *without disclosing his defense theory or tactics to the prosecution*" (emphasis added), restricts the trial court improperly and runs contra to Rule 16(c) (3), Hawaii Rules of Penal Procedure.