**Electronically Filed
Intermediate Court of Appeals
CAAP-23-0000723
31-DEC-2025
07:47 AM
Dkt. 49 SO**

NO. CAAP-23-0000723

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

NANCY LACUESTA, Petitioner-Appellant, v.
STATE OF HAWAIʻI, Respondent-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CASE NO. 2CPN-23-0000009)

SUMMARY DISPOSITION ORDER
(By:  Leonard, Presiding Judge, Hiraoka and Guidry, JJ.)

Petitioner-Appellant Nancy Lacuesta (**Lacuesta**) appeals from the November 9, 2023 Findings of Fact, Conclusions of Law, and Order Denying Petition to Vacate and Set Aside Judgment Under Rule 40, Hawaii Rules of Penal Procedure [(**HRPP**)] (**Order Denying Petition**) entered against her by the Circuit Court of the Second Circuit (**Circuit Court**).[1]

The Statement of Points of Error section of Lacuesta's Opening Brief does not comply with Hawaii Rules of Appellate Procedure (**HRAP**) Rule 28(b)(4), including the failure to state where in the record the alleged error was objected to or the manner in which the alleged error was brought to the attention of the Circuit Court.  Accordingly, we review for plain error.  In

---

[1]    The Honorable Michelle L. Drewyer Presided.

sum, Lacuesta contends that the Circuit Court erred in denying Lacuesta's July 17, 2023 Petition to Vacate and Set Aside Judgment Under Rule 40, [HRPP] (**Rule 40 Petition**). Lacuesta does not challenge any of the Circuit Court's Findings of Fact (**FOFs**), which are therefore binding on the court, but points to Conclusions of Law (**COLs**) 7, and 10-14 as erroneous.[2]

---

[2] The challenged COLs state:

7. During the change-of-plea colloquy in the underlying case, the Court did advise Petitioner that by pleading no contest, she may be sentenced <u>inter alia</u> to pay "a fee and/or assessment," Petitioner confirmed that this was explained to her, and she did not have any questions about it. The Court finds sufficient advisement was given that in addition to the authorized fine for the offense set by HRS § 706-640, Petitioner might have to pay a fee and/or assessment such as the Probation Services Fee, Crime Victim Compensation Fee, and DNA Assessment, whereby the Court concludes that the Petition is patently frivolous and without trace of support either in the record or in the other evidence submitted by the petitioner.

. . . .

10. At sentencing, Petitioner did not object to the imposition of the Probation Services Fee, Crime Victim Compensation Fee, and DNA Assessment; Petitioner informed the Court she could afford it; and the subject fees were paid in full in 2009, whereby the Court concludes that her allegation of invalid plea is not credible and not a colorable claim.

11. Petitioner did not file a direct appeal to challenge her sentence or move to withdraw her plea before the Judgment became final in 2009, whereby the Court concludes that her allegation of invalid plea was waived, and Petitioner has not proven the existence of extraordinary circumstances to justify her failure to raise the issue.

12. Under the liberal pre-sentence standard of "fair and just reason," the court weighs whether the State relied upon the plea to its substantial prejudice; therefore, it follows that this factor should also be considered under the more stringent "manifest injustice" standard. <u>See</u> <u>State v. Jim</u>, 58 Haw. 574, 575-76, 574 P.2d 521, 522-23 (1978).

13. After the Judgment in the underlying case became final, a compact disc containing evidence for the underlying case was purged by Maui County Police Department on April 21, 2014, whereby the·Court concludes that the State relied on Petitioner's no contest plea to its substantial prejudice.

14. Based on the foregoing, the Court concludes that Petitioner failed to establish manifest injustice to withdraw her plea.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised, we resolve Lacuesta's points of error as follows:

In the Rule 40 Petition, Lacuesta sought to vacate and set aside the June 24, 2009 Judgment; Conviction and Probation Sentence; Notice of Entry (**2009 Judgment**) entered against her after a no contest plea on a charge of Theft in the Second Degree. In the 2009 Judgment, Lacuesta was sentenced to five years probation, with a Criminal Victim Compensation fee of $105, a Probation Services fee of $150, and a monetary assessment of $500 or the actual cost of the DNA analysis (collectively, **Monetary Assessments**), as well as a fine of $500.

In the Rule 40 Petition, Lacuesta argued that her no contest plea was invalid because the trial court failed to advise her that she could be sentenced to additional monetary assessments, and therefore, her plea was not knowing, intelligent, and voluntary.[3] After further briefing, on October 19, 2023, a hearing was held on the Rule 40 Petition. The Order Denying Petition was entered thereafter.

With respect to Lacuesta's arguments on appeal, as a preliminary matter, it does not appear that Lacuesta raised or properly preserved a hearsay objection in the proceedings below. Thus, Lacuesta's challenge to COL 13 based on the argument that the Circuit Court improperly considered inadmissible hearsay is

---

[3] Lacuesta was represented by counsel through the HRPP Rule 40 proceedings.

waived; plain error review of this issue is not warranted. <u>See</u>, <u>e.g.</u>, <u>State v. Crisostomo</u>, 94 Hawaiʻi 282, 290, 12 P.3d 873, 881 (2000); <u>State v. Metcalfe</u>, 129 Hawaiʻi 206, 225, 297 P.3d 1062, 1081 (2013).

Lacuesta's overarching argument is that the sentencing court failed to strictly comply with HRPP Rule 11(c)(2)[4] because the court incorrectly advised Lacuesta of the maximum fine that could be imposed, and thus, Lacuesta's no contest plea was not knowing, intelligent, and voluntary; and accordingly, the colloquy was constitutionally invalid.

Lacuesta relies heavily on <u>Warner v. State</u>, 151 Hawaiʻi 433, 438, 517 P.3d 716, 721 (2022), wherein the Hawaiʻi Supreme Court held that the petitioner-appellant's (**Warner's**) HRPP Rule 40 claim that the trial court's failure to inform Warner of any of the monetary assessments before accepting a change of plea stated a colorable Rule 40 claim for relief from the monetary assessments.

Warner filed an HRPP Rule 40 petition that raised various issues and requested, *inter alia*, that his sentence be

---

[4]     HRPP Rule 11(c)(2) provides:

**Rule 11. PLEAS.**

. . . .

       **(c) Advice to defendant.**  The court shall not accept a plea of guilty or no contest without first addressing the defendant personally in open court, or by video conference with defendant's consent and affirmation of defendant's identity on the record, and determining that the defendant understands the following:

. . . .

       (2)  the maximum penalty provided by law, and the maximum sentence of extended term of imprisonment, which may be imposed for the offense to which the plea is offered[.]

ended and that all fines and fees be waived. <u>Id.</u> at 436, 517 P.3d at 719. Warner's petition was denied without a hearing and this court affirmed. <u>Id.</u> at 436-37, 517 P.3d at 719-20. The supreme court held that Warner stated a colorable claim regarding monetary assessments, noting that "[t]he sentencing court did not inform Warner of <u>any</u> of the monetary assessments it imposed before accepting Warner's change of plea." <u>Id.</u> at 438, 517 P.3d at 721 (emphasis added). Therefore, the supreme court held that Warner's Rule 40 petition "stated a colorable claim as to his request that the monetary assessments, which constitutes fines, be set aside based on the sentencing court's failure to advise him of them before accepting his plea." <u>Id.</u> Thus, and based on the sentencing court's failure to address whether Warner had the ability to pay the monetary assessments,[5] the case was remanded to the trial court for further proceedings, *i.e.*, a hearing on Warner's colorable Rule 40 claims.[6]

Unlike in <u>Warner</u>, where the defendant was not informed of <u>any</u> monetary assessments before accepting the change of plea, Lacuesta was advised, *inter alia*:

> THE COURT: All right. Item six reads, I understand that the Court may impose any of the following penalties for the offense to which I now plead. The maximum term of imprisonment. If you look at the top of the page, for theft in the second degree, the maximum term is five years jail and a $10,000.00 fine.
>
> Has that been explained to you?
>
> THE DEFENDANT: Yes.

---

[5] Here, the Circuit Court inquired as to Lacuesta's ability to pay the Monetary Assessments, the answer was yes, and Lacuesta does not raise any issues regarding her ability to pay.

[6] Other relief, not pertinent to this case, was also granted to Warner.

> THE COURT: All right. It appears that extended terms and mandatory minimum terms of imprisonment do not apply, nor do consecutive terms of imprisonment. You may also be sentenced, however, to restitution, a fine, a fee and/or assessment, community service, probation, with up to one year of imprisonment, and other terms and conditions.
>
> Has that all been explained to you?
>
> THE DEFENDANT : Yes, your Honor.
>
> THE COURT: Again, any questions?
>
> THE DEFENDANT: No, your Honor.[7]

Also, unlike in Warner, a hearing was held on Lacuesta's Rule 40 Petition. Fourteen years after her plea and sentence, Lacuesta sought to withdraw her no contest plea and enter a plea of not guilty. Hawaiʻi law regarding plea withdrawals is governed by HRPP Rule 32(d), which provides in relevant part:

> **(d) Withdrawal of Plea.** A motion to withdraw a plea of guilty or of nolo contendere may be made before sentence is imposed or imposition of sentence is suspended; provided that, to correct manifest injustice the court, upon a party's motion submitted no later than ten (10) days after imposition of sentence, shall set aside the judgment of conviction and permit the defendant to withdraw the plea. **At any later time, a defendant seeking to withdraw a plea of guilty or nolo contendere may do so only by petition pursuant to Rule 40 of these rules and the court shall not set aside such a plea unless doing so is necessary to correct manifest injustice.**

(Emphasis added).

Thus, the issue before the Circuit Court was whether setting aside Lacuesta's plea was necessary to correct manifest injustice. "Manifest injustice occurs when a defendant makes a plea involuntarily or without knowledge of the direct consequences of the plea." State v. Kealoha, 142 Hawaiʻi 46, 59,

---

[7] No objections were made to the Monetary Assessments at sentencing. Lacuesta did not file a post-sentence motion to withdraw plea within 10 days of sentencing and she did not appeal the sentence. The Monetary Assessments were paid in full in 2009, probation was completed in 2014, and she was discharged on July 29, 2014.

6

414 P.3d 98, 111 (cleaned up). The manifest injustice standard also seeks to avoid the risk of prejudice to the State and to the efficient administration of criminal justice. See generally State v. Jim, 58 Haw. 574, 575-76, 574 P.2d 521, 522-23 (1978).

In COL 7, which contains mixed findings of fact and conclusions of law, the Circuit Court did not plainly err when it found that the 2009 court taking Lacuesta's change of plea did advise Lacuesta that by pleading no contest she might be sentenced to pay a fee and/or assessment, that Lacuesta acknowledged that this had been explained to her, and she had no questions. In COL 10, the Circuit Court did not plainly err when it stated that Lacuesta had no objections at sentencing to the Monetary Assessments; Lacuesta had informed the court that she could afford the fines; and they were in fact paid in 2009. In addition, in COL 13, the Circuit Court did not plainly err when it found and concluded, *inter alia*, that the State was substantially prejudiced by the extensive delay in Lacuesta's request to withdraw her plea, as the evidence for the underlying case was purged in 2014.

We conclude that the Circuit Court erred in concluding that the Rule 40 Petition – based on an allegation of an invalid plea – was waived, patently frivolous, and/or without a trace of support. See Warner, 151 Hawaiʻi at 438, 515 P.3d at 721. However, we conclude that such errors are harmless in light of the record, including that a full hearing was held on the Rule 40 Petition and Lacuesta failed to establish that a withdrawal of her 2009 no contest plea was necessary to avoid a manifest injustice in this case.

7

For these reasons, the Circuit Court's November 9, 2023 Order Denying Petition is affirmed.

DATED:  Honolulu, Hawaiʻi, December 31, 2025.

On the briefs:                          /s/ Katherine G. Leonard
                                        Presiding Judge
Hayden Aluli,
for Petitioner-Appellant.                /s/ Keith K. Hiraoka
                                        Associate Judge
Renee Ishikawa Delizo,
Deputy Prosecuting Attorney,             /s/ Kimberly T. Guidry
County of Maui,                         Associate Judge
for Respondent-Appellee.